**TEXAS RUBBER SUPPLY, INC.,**
Appellant,

v.

**JETSLIDE INTERNATIONAL, INC.,**
Appellee.

**No. 502.**

Court of Civil Appeals of Texas, Tyler.

Oct. 29, 1970.

Rehearing Denied Nov. 19, 1970.

Sanders & Nolen, Andress, Woodgate & Hartt, Wm. Andress, Jr., Dallas, for appellant.

Newman, Moore, Peterson & Frazer, Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., Dallas, for appellee.

McKAY, Justice.

Appellee Jetslide International, Inc. brought suit for breach of contract against Texas Rubber Supply, Inc. Suit having been tried to a jury, judgment was entered in favor of Jetslide in the amount of $63,-500.00.

Appellant's motion for leave to file a supplemental transcript has been brought forward with the appeal on the merits, and without discussion, the motion is granted.

The record before us shows that the judgment below was entered on October 6, 1969, and that defendant's amended motion for new trial was overruled on December 1, 1969. No notice of appeal appears in either the judgment or the order overruling the amended motion for new trial, nor was it noted in any other manner provided by Rule 353(a), Texas Rules of Civil Procedure, nor was a written notice of appeal filed with the Clerk. On February 2, 1970, appellant obtained from the trial court what purports to be a nunc pro tunc judgment amending its order overruling the amended motion for new trial by adding the words "and give notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas,

Sitting at Dallas." The cause was transferred to this Court by an order of the Supreme Court of Texas.

■ The giving of notice of appeal, if required, within the time prescribed by law is vital to this Court acquiring jurisdiction over the appeal. Howe v. Howe, 223 S.W.2d 944 (Tex.Civ.App., Eastland, 1949, writ. ref.); Brown v. Brown, 444 S.W.2d 837 (Tex.Civ.App., Beaumont, 1969, n. w. h.). Reliance upon an oral announcement of appeal in open court without having it noted on the court's docket or embodied in the judgment, the order overruling motion for new trial, or other minute of the court is not sufficient to comply with Rule 353(a), T. R. C. P. McIlroy v. Waller Consolidated Independent School District, 452 S.W.2d 507 (Tex. Civ.App., Houston 14th, 1970, n. w. h.).

■■ An appellant may not supply the missing notation of his oral notice of appeal by having the trial court enter a judgment nunc pro tunc after the time has passed in which to give notice of appeal. Rule 316, T.R.C.P., allows the trial court to enter a judgment nunc pro tunc to correct mistakes in the record of any *judgment* or *decree* "according to the truth or justice of the case." A nunc pro tunc judgment may only be employed to correct clerical errors in the "entry" of a previously rendered judgment. Comet Aluminum Company v. Dibrell, 450 S.W.2d 56 (Tex., 1970).

■ Notice of appeal is not given by the trial court, but rather is given by the aggrieved party and *may* be noted in the judgment. Its omission from the judgment or the order cannot be a clerical error correctable by a nunc pro tunc judgment. The sole effect of such a judgment would be to supply a notation required by the rules of civil procedure which was never made originally, and thereby extend the time in which to perfect an appeal. It would not be a correction to show what in fact the court's judgment was as rendered, but would be an attempt to correct an error or omission of the appellant in failing to comply with the rules of civil procedure. This the trial court cannot do, and accordingly, the offered nunc pro tunc judgment is void. Rules 306b, 316, 353(a), T.R.C.P.; Finlay v. Jones, 435 S.W.2d 136 (Tex., 1968); Lone Star Cement Corporation v. Rush, 456 S.W.2d 547 (Tex. Civ.App., Dallas, 1970).

Failing to have his oral notice of appeal noted in a manner and within the time provided by Rule 353(a), T.R.C.P., appellant has waived his right of appeal. We have no alternative but to dismiss for want of jurisdiction.

Appeal dismissed for want of jurisdiction.