**TEXAS RUBBER SUPPLY, INC.,**
**Petitioner,**

**v.**

**JETSLIDE INTERNATIONAL, INC.,**
**Respondent.**

**No. B–2465.**

Supreme Court of Texas.

April 7, 1971.

Rehearing Denied April 28, 1971.

Andress & Woodgate, William Andress, Jr., Sanders & Nolen, John A. Berke, Jr., Dallas, for petitioner.

Newman, Moore, Peterson & Frazer, Stewart Frazer and Frank G. Newman, Strasburger, Price, Kelton, Martin & Unis, Royal Brin, Jr., Dallas, for respondent.

REAVLEY, Justice.

The court of civil appeals has dismissed the appeal of this case on the ground that the rule requiring notice of appeal was not satisfied. Specifically, it has held that the trial court may not supply the notation of appellant's oral notice of appeal by an order entered more than ten days after rendition of the order from which the appeal is taken. 459 S.W.2d 726. We hold to the contrary.

Jetslide International, Inc. brought this suit against Texas Rubber Supply, Inc. to recover damages for breach of contract. A judgment was entered in favor of Jetslide on October 6, 1969, in the amount

of $63,500. Texas Rubber Supply's amended motion for new trial was overruled by an order entered on December 1, 1969, which order recited: "To which Judgment and Order of the Court the Defendant did, in open Court, object and except." On February 2, 1970 the trial judge signed a nunc pro tunc order to "include the notice of appeal actually given in open court by defense counsel."

Except for the notice, no question is raised as to the procedural steps of the appeal. A cash deposit in lieu of an appeal bond was filed on December 19, 1969. A request for transcript was filed on December 24 reciting that a notice of appeal had previously been given; in listing the items to be included in the transcript appellant referred to the "order overruling amended motion for new trial with notice of appeal, signed 1 December 1969."

Tex.Rules Civ.Proc. Rule 353(a) provides:

> An appeal, when allowed by law, may be taken by notice of appeal (1) in open court, noted on the docket or embodied in the judgment, order overruling motion for new trial, or other minute of the court, or (2) filed with the clerk; such notice to be given or filed within ten days after the judgment or order overruling the motion for new trial is rendered.

■ Prior to the rule, the statute (Article 2253, Annotation of Vernon's Anno. Tex.Civ.Stats.) required "giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for new trial, which shall be noted on the docket and entered of record." Under this earlier provision, which existed from 1892 until 1941, the actual giving of notice in open court was held to be essential to perfect an appeal and to the exercise of jurisdiction by the appellate court, whereas timely entry upon the record of that fact of oral notice was held not to be essential. West-

ern Union v. O'Keefe, 87 Tex. 423, 28 S.W. 945 (1894). No reason appears to construe the rule differently in respect to the notice that is actually given in court within the prescribed period but not recorded by the court until thereafter.

■ The February 2 order of the trial court recites the giving of the notice of appeal in open court and in time, but the validity of this order is attacked. It is first contended that the nunc pro tunc decree is improper if the court is adding an entry rather than correcting a clerical error. The contention is sound, but it does not control the question before us. Whether or not the trial court's original pronouncement included a recitation of the notice of appeal by an objecting party, a subsequent determination of the fact of that notice should be available for the determination by the court of civil appeals of its jurisdiction.

Jetslide filed affidavits in the court of civil appeals in which it is denied that the oral notice of appeal was given and in which it is said that Jetslide was allowed no opportunity to be heard on the issue prior to the entry of the February 2 order. The Jetslide attorney states on his oath that he was told by telephone at 11:00 a. m. on February 2 that a hearing was to be held at 1:30 p. m. that afternoon but that he was advised that the order had already been entered when he arrived at court at 1:20 p. m. In view of the fact issue, Jetslide was entitled to an opportunity to present evidence and to be heard on the issue of whether the notice of appeal was actually given in open court.

We believe that a reasonable opportunity should be given to Texas Rubber Supply to complete the transcript by the inclusion of an order reflecting the giving of the notice of appeal, if that was the fact, with any finding to be supported by evidence developed in a hearing before the trial court following reasonable advance notice to Jetslide.

The judgment of the court of civil appeals is reversed, and the cause is remanded to that court for further proceedings in accordance with this opinion.