Gene **ALLEN**, Appellant,

v.

Alfred **FITZPATRICK**, Appellee.

No. A 2670.

Court of Civil Appeals of Texas, San Antonio.

Oct. 11, 1972.

Andrew P. Johnson, Carrizo Springs, Brady, Drake & Wilson, Don T. Cates, Dallas, for appellant.

Alfred Fitzpatrick, Carrizo Springs, for appellee.

PER CURIAM.

This is an appeal from a take-nothing judgment entered on June 28, 1972, after a nonjury trial in an election contest brought to contest a local option election held on

November 20, 1971, to legalize sale of alcoholic beverages in Carrizo Springs. On August 16, 1972, the transcript herein was tendered but was referred to the Court by our Clerk to determine the sufficiency of the notice of appeal. See Rule 388, Texas Rules of Civil Procedure. On August 21, 1972, appellant filed his motion seeking an extension of time for filing the statement of facts, and to supplement the transcript previously tendered. Such motion was subsequently amended on October 2, 1972, and appellant has filed a brief wherein he urges our jurisdiction.

■ Rule 353, subdivision (a), T.R.C.P., provides in part: "An appeal . . . may be taken by notice of appeal (1) in open court, noted on the docket or embodied in the judgment, order overruling motion for new trial, or other minute of the court, or (2) filed with the clerk; such notice to be given or filed within ten days after the judgment or order overruling motion for new trial is rendered." It is settled law that timely notice is jurisdictional. Texas Rubber Supply, Inc. v. Jetslide International, Inc., 466 S.W.2d 279 (Tex. 1971); Brown v. Vander Stucken, 435 S. W.2d 609 (Tex.Civ.App.—San Antonio 1968, no writ); Werner v. Murray, 430 S. W.2d 126 (Tex.Civ.App.—San Antonio 1968, writ ref'd).

■ The bond was not filed herein until July 27, 1972, which was 29 days after the judgment was entered and, therefore, cannot be considered as a timely notice of appeal. Nor does the judgment or docket sheet contain a notice of appeal. Appellant urges, however, that a motion filed by him on May 19, 1971, meets the requirements of a notice of appeal; and, therefore, this premature notice of appeal should be deemed as filed on the date of the judgment, to-wit, June 28, 1971. See Rule 306c, T.R.C.P.

Rule 353, subdivision (b) provides: "Such notice [of appeal], when filed with the clerk, shall be sufficient if it state the number and style of the case, the court in which pending, and that appellant desires to appeal from the judgment or from some designated portion thereof." The motion filed with the district clerk by appellant on May 19, 1971, gives the number and style of the case, as well as the court in which pending. Thus, the narrow question before us is whether such motion states "that appellant desires to appeal from the judgment or from some designated portion thereof."

It is obvious that such motion was not intended for this purpose by appellant. The stated purpose of the motion was to have the trial court either enter a judgment in the cause in accordance with the ruling announced at the conclusion of the hearing, or request contestant to prepare one in his favor if the court wished to rescind its oral announcement. In this connection, appellant pleaded that since the court's oral announcement ". . . there has elapsed a period in excess of three (3) months and no written judgment has been entered in such cause, which is to the detriment of the Contestor [appellant] herein, who seeks to preserve his exceptions and appeal the cause to the Court of Civil Appeals. That the delay on the part of the attorney for the Contestee and/or on the part of the Judge in entering such judgment has been and is designed to thwart the attempt of the Contestor to appeal the case and to pursue his rights in such matter until it is finally resolved." Thus, it is seen that the clear import of appellant's motion is to urge that a final judgment be entered so that he could get on with his appeal process should same be necessary.

■ It is well settled that a statement which amounts to no more than an announcement of a present intention to take an appeal at a future time is not sufficient to constitute a notice of appeal under this rule. Thus, in Werner v. Murray, supra, 430 S.W.2d at 126, a letter to the clerk inquiring as to the amount of the bond "'. . . that I will need to post by way of bond in preparation and to perfect my appeal of the above styled and number

cause' " was held not to constitute notice of appeal. A similar inquiry in a letter to the clerk was held insufficient in Standard Insurance Company v. Teague Brick & Tile Co., 425 S.W.2d 63 (Tex.Civ.App.— Waco 1968, writ ref'd). In Shepherd v. City of Austin, 467 S.W.2d 611, 614 (Tex. Civ.App.—Austin 1971, writ ref'd n. r. e.), a statement to the Court during the hearing of a motion for new trial that " ' "We are going to appeal unless the motion is sustained" ' " was held insufficient.

Here the motion was clearly filed only for the purpose of requiring a judgment to be entered. At most, the reason given in support thereof indicates a present intention to perfect his appeal at a later date, should the court carry out its prior oral announcement of ruling against appellant. Such an intention is insufficient to constitute a notice of appeal. Accordingly, the motion of May 19, 1971, cannot be considered as a premature notice of appeal.

Since the motion for appeal was not timely filed, we lack jurisdiction to consider the appeal. Appellant's motion for an extension of time to file the transcript and statement of facts is overruled.