Leon GRIVEL, Jr., et al., Appellants,

v.

ATLANTIC MUTUAL INSURANCE COMPANY, Appellee.

No. 874.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1974.

Rehearing Denied Sept. 19, 1974.

Harry F. Maddin, Allison, Maddin, White & Brin, Corpus Christi, for appellants.

William K. Anderson, Jr., and Richard W. Crews, Jr., Sorrell, Anderson & Sorrell, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal from the entry of a judgment non obstante veredicto rendered in favor of Atlantic Mutual Insurance Company, the defendant in the trial court. The plaintiffs Leon Grivel, Jr. and Robert MacLean, Jr., have attempted to appeal from the entry of this judgment. Atlantic filed a motion to dismiss the appeal for lack of jurisdiction. On submission of the case on its merits this Court heard arguments on Atlantic's motion to dismiss. The facts relative to the motion to dismiss are as follows:

On December 18, 1973, the trial court held a hearing on Atlantic's motion for judgment notwithstanding the verdict. At the conclusion of the hearing, the trial court announced that it was granting Atlantic's motion. The plaintiffs gave oral notice of appeal in open court. However, it was not noted on the docket, or embodied in the judgment, or reduced to writing or filed with the court. The plaintiffs' attorneys went out of town immediately following the hearing and did not return until January 15, 1974. Judgment was actually rendered and entered on January 2, 1974, on a judgment, the form of which was prepared by the attorneys for Atlantic.

On January 18, 1974, plaintiffs' attorney learned that the judgment had been entered. An informal hearing was held that day in the judge's chambers. As a result of that hearing, the court made a docket entry that stated "1–18–74 Plaintiffs gave notice of appeal in open court on December 18, 1973".

■ Timely notice of appeal is a jurisdictional prerequisite to appeal and unless the notice of appeal is given in compliance with Rule 353, Texas Rules of Civil Procedure, the appellate court acquires no jurisdiction over the appeal except to dismiss it. Curtis v. Carey, 378 S.W.2d 418 (Tex.Civ. App.—Corpus Christi 1964, n.w.h.); Texas

Rubber Supply, Inc. v. Jetslide International, Inc., 466 S.W.2d 279 (Tex.Sup.1971).

Rule 353 provides two different methods for giving the notice of appeal. An appeal when allowed by law is taken by notice in open court or by the filing of notice with the clerk. If the appeal is taken in open court it must be either: a) noted on the docket; b) embodied in the judgment; c) embodied in the order overruling the motion for new trial; or d) embodied in other minute of the court, to be effective. In any event the rule requires that such notice be given or filed within ten days *after the judgment* or order overruling the motion for new trial is rendered.

■ Although the trial court announced its judgment on December 18, 1973, the date of rendition of the judgment is deemed to be the date the trial court signed the written draft of the judgment. Rule 306a, T.R.C.P. Therefore, in order for the plaintiffs to have properly perfected their appeal by giving the jurisdictional notice, the notice had to be given in accordance with Rule 353 and filed within 10 days after January 2, 1974, the date the judgment was rendered. The appeal bond was not filed until the 23rd day of January, 1974, which was 21 days after the judgment was rendered, therefore, it cannot be considered as a substitute for the timely notice of appeal.

The plaintiffs argue that Rule 306c, T. R.C.P., expressly authorizes the giving of notice of appeal in open court prematurely. Rule 306c, T.R.C.P. states:

"No motion for new trial or appeal bond or affidavit in lieu thereof or notice of appeal shall be held ineffective because prematurely *filed*; but every such motion shall be deemed to have been *filed* on the date of but subsequent to the rendition of the judgment the motion assails, and every such appeal bond or affidavit or *notice of appeal* shall be deemed to have been *filed* on the date of but subsequent to the rendition of the

judgment appealed from or from the date of the overruling of motion for new trial, if such a motion *is filed.*" (Emphasis supplied.)

Although this rule expressly allows a filing of the notice of appeal prematurely, it does not authorize the premature giving of an oral notice in open court. Actually Rule 306c is deemed an exception to the requirements of Rule 353(a). But this exception by its own terms extends only to a written notice of appeal filed with the clerk. If a notice of appeal is taken in open court, in order for it to be preserved, it must be noted on the docket, embodied in the judgment, embodied in the order overruling the motion for new trial, or in other minute of the court. This was not done. Shepherd v. City of Austin, 467 S.W.2d 611 (Tex.Civ.App.—Austin 1971, writ ref'd n.r.e.) and see Allen v. Fitzpatrick, 487 S.W.2d 146 (Tex.Civ.App.—San Antonio 1972, no writ). The only evidence of a notice of appeal in the instant case was the entry made by the judge on his docket bearing the date of January 18, 1974, some sixteen days after rendition of the judgment. This docket entry was not a nunc pro tunc order to correct an order previously entered. The notation was merely evidence that the oral notice was given evidencing an obvious intent to appeal in the future. Even the plaintiffs in their brief filed with this Court stated: "Appellants (plaintiffs) at that time (December 18, 1973) gave notice in open court of *its intention to appeal* from the court's ruling which had been made." (Emphasis and parenthesis added.) The oral notice constituted no more than an announcement by them of their then present intent to take an appeal at some future time. Their brief so indicates. This does not satisfy the jurisdictional requirements that the notice of appeal be filed *after* judgment or *after* overruling the motion for new trial as required by the rules.

The plaintiffs argue that the judgment was entered on January 2, 1974, without obtaining the approval of plaintiffs' attorney as to the form and without advising plaintiffs' attorney of the time when the judgment would be entered. They refer us to the local rules of procedure governing this particular court. Article VIII, Section C of such local rules provides that:

"Except for ex parte restraining orders, an attorney preparing a judgment or any other order in a contested case to be presented to a judge for entry shall submit a copy thereof to an attorney for each other party, prior to submitting it to the judge. If the proposed judgment or order is approved, either as to form only, or as to form and substance, by the other attorney or attorneys, notation to that effect should be made on the original and signed by the approving attorney. If not so approved, the attorney proposing the judgment or order shall advise an attorney for each party of the time he will submit it to the judge. *The violation of the provisions of this Paragraph C shall not affect the validity of any judgment or order, but may result in disciplinary action by the court against the offending attorney.*" (Emphasis supplied.)

We believe that this is a good rule that should be scrupulously followed. But the failure to follow the rule does not affect the validity of the judgment as the rule so poignantly sets out.

This Court said in Sandoval v. Rattikin, 395 S.W.2d 889 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd, Rehearing denied 385 U.S. 964, 87 S.Ct. 389, 17 L.Ed.2d 309):

" . . . It is not a condition precedent to the proper entry of a judgment for opposing counsel to approve the judgment as to form prior to its entry by the trial court. This is a matter of professional courtesy and its lack of approval as to form does not render such entry of the judgment invalid."

**300**

See also City of Houston v. Anchor-Hocking Glass Corporation, 467 S.W.2d 677 (Tex.Civ.App.—Houston 1st Dist. 1971, ref. n.r.e.) Reluctant as we are to deny a party the right to appeal and acknowledging that the Rules of Civil Procedure are to be construed liberally in favor of such right (Hunt v. Wichita County Water Improvement District No. 2, 147 Tex. 47, 211 S.W.2d 743, 1948), we must hold that the oral notice as given did not conform to the prerequisites required by Rule 353 and did not fall within the exception as envisioned by Rule 306c. The notice of appeal was not perfected by the court's late notation on its docket on January 18, 1974. We have no alternative but to dismiss the appeal.

The appeal is dismissed.