**MEVICO, INC., Appellant,**

v.

**Tommy T. CARRUTH, Appellee.**

**No. 968.**

Court of Civil Appeals of Texas, Corpus Christi.

March 6, 1975.

D. J. Lerma, Brownsville, for appellant.

Jack D. Sanchez, Clendenin, O'Leary, Fleming & Sanchez, Brownsville, for appellee.

OPINION

PER CURIAM.

 This cause is before the Court on Appellee's Motion to Dismiss for Want of Jurisdiction, which was filed on February 21, 1975. The transcript was filed in this Court on February 4, 1975. The final judgment was signed by the trial judge on November 18, 1974. The motion for new trial, which was filed on November 27, 1974 was overruled on December 16, 1974. The appeal bond and the notice of appeal were both filed with the district clerk on January 10, 1975. Appellee's Motion to Dismiss is based on the ground that the notice of appeal, filed some 25 days after the order overruling the motion for new trial, was too late, and did not comply with Rule 353, Texas Rules of Civil Procedure. We agree.

 Rule 353, Texas Rules of Civil Procedure, requires that notice of appeal must be given or filed within ten days after the judgment or order overruling motion for new trial is rendered. Timely notice of appeal is a jurisdictional prerequisite to appeal, and unless the notice of appeal is given in compliance with Rule 353, T.R.C.P., the appellate court acquires no jurisdiction over the appeal except to dismiss it. Grivel v. Atlantic Mutual Insurance Company, 513 S.W.2d 297 (Tex.Civ. App.—Corpus Christi 1974, writ ref'd n. r. e.); Curtis v. Carey, 378 S.W.2d 418 (Tex.Civ.App.—Corpus Christi 1964, no writ).

In the instant case, both the notice of appeal and the appeal bond were filed on the same day, some 25 days after the order overruling the motion for new trial was rendered. This was within the correct time period for the filing of the appeal bond, but was not within the time period provided by the rule for filing the notice of appeal. This Court has no jurisdiction over this cause except to dismiss it for want of jurisdiction. Stanley v. Stanley, 398 S.W.2d 384 (Tex.Civ.App.—Corpus Christi 1965, no writ); Lasseter v. Smallwood, 383 S.W.2d 651 (Tex.Civ.App.—Amarillo 1964, no writ).

The appeal is dismissed.