Steve S. ALEXANDER, Petitioner,

v.

Linn C. ALEXANDER et al.,
Respondents.

No. B–5856.

Supreme Court of Texas.

April 7, 1976.

Steve S. Alexander, pro se, Goggan & Cain, Thomas S. Goggan, Austin (on appeal to Supreme Court only), for petitioner.

McNamara, Smith & McNamara, John B. McNamara, Waco, for respondents.

PER CURIAM.

This was a suit for partition of real estate instituted by Linn C. Alexander and Mozelle Alexander Hesterly against Steve S. Alexander. Following the trial court order approving the receiver's sale of the property in question, Steve S. Alexander appealed. The court of civil appeals dismissed the appeal on the grounds that Steve S. Alexander failed to give notice of appeal as required by Rule 353, Texas Rules of Civil Procedure (1973).[1] 532 S.W.2d 150.

Within fifteen days after the court of civil appeals entered its order dismissing the appeal, Steve S. Alexander filed a motion for rehearing in which he asserted that he gave oral notice of appeal in open court after the trial court overruled his amended motion for new trial. The oral notice of appeal given by Steve S. Alexander was not recorded in the court's order or on the docket sheet and it was not otherwise included in the transcript. However, attached to Steve S. Alexander's motion for rehearing in the court of civil appeals was a stipulation by both parties that oral notice was actually given by Steve S. Alexander after the trial court overruled his amended motion for new trial. The facts recited in the stipulation indicate that the oral notice of appeal was timely presented.

In determining the adequacy of oral notices of appeal we have held that the actual giving of the notice is essential, whereas timely entry upon the record of such notice is not essential. *Texas Rubber Supply, Inc. v. Jetslide Internat'l, Inc.,* 466 S.W.2d 279, 280 (Tex.1971). "Whether or not the trial court's original pronouncement included a recitation of the notice of appeal by an objecting party, a subsequent determination

1. Effective January 1, 1976 Rule 353 was amended to eliminate notice of appeal as an appellate step except in certain instances.

of the fact of that notice should be available for the determination by the court of civil appeals of its jurisdiction." Accordingly, Steve S. Alexander was entitled to an opportunity to present the stipulation of the parties and any other evidence bearing upon the issue of whether notice of appeal was actually given in open court.

Steve S. Alexander timely filed two applications for writ of error in this court. Pursuant to Rule 483, Texas Rules of Civil Procedure, the applications for writ of error are granted and, without hearing argument, the judgment of the court of civil appeals is reversed and the cause is remanded to that court for further proceedings in accordance with this opinion.