**CITY OF SAN ANTONIO et al., Appellants,**

v.

**Robert E. RUDEWICK, Jr., et al., Appellees.**

No. 16057.

Court of Civil Appeals of Texas, San Antonio.

May 10, 1978.

Rehearing Denied June 7, 1978.

Bill M. White, Crim. Dist. Atty., John L. Quinlan, III, Asst. Crim. Dist. Atty., San Antonio, for appellants.

S. Benton Davies, Jr., San Antonio, for appellees.

PER CURIAM.

Appellants have filed a motion for extension of time to file the statement of facts in this case. The motion is denied and the appeal is dismissed.

The trial court rendered judgment on December 7, 1977. Appellants filed a motion for new trial on December 16, 1977, which was overruled by order dated February 14, 1978. However, in the absence of a written agreement extending the time for determination of the motion for new trial, the motion was overruled by operation of law on January 30, 1978, 45 days after it was filed. Tex.R.Civ.P. 329b.(3), (4) (1977).

The judgment recites that appellants gave notice of appeal in open court. Under the provisions of Rule 353, Tex.R.Civ.P., prior to the amendment effective January 1, 1976, notice of appeal could be given "(1) in open court, noted on the docket or embodied in the judgment, order overruling motion for new trial, or other minutes of the court, or (2) filed with the clerk; * * " Tex.R.Civ.P. 353(a) (1975). Subdivision (b) of the Rule prior to January 1, 1976, provided: "Such notice, when filed [with] the

clerk, shall be sufficient if it state[s] the number and style of the case, the court in which pending, and that appellant desires to appeal from the judgment or from some designated portion thereof." Tex.R.Civ.P. 353(b) (1967).

The amendment effective January 1, 1976, deleted subdivisions (a) and (b) from Rule 353, thereby eliminating all references to notice of appeal. Tex.R.Civ.P. 353 (1977). The purpose of the change was to eliminate the requirement of notice of appeal except in certain cases. The present version of Rule 353 deals only with the manner in which the scope of an appeal may be limited. The present provisions concerning limitation of notice of appeal are substantially the same as those formerly embodied in Rule 353(c) prior to January 1, 1976.

The provisions concerning notice of appeal, in those cases where such notice is still required after January 1, 1976, are found in Rule 354(c). This subdivision of present Rule 354 is as follows:

(c) When a bond for costs on appeal is not required by law, the appellant shall in lieu of a bond file a notice of appeal which shall be filed with the clerk, within thirty days after rendition of judgment or order overruling motion for new trial (or after such motion is overruled by operation of law.) Such notice shall be sufficient if it states the number and style of the case, the court in which pending, and that appellant desires to appeal from the judgment or some designated portion thereof. Copy of the notice shall be mailed by counsel for appellant in the same manner as the mailing of copies of the appeal bond.

The amendment of the rules relating to notice of appeal, in effect, transferred the provisions of old Rule 353(a)(2) and Rule 353(b) to what is now Rule 354(c). The only significant changes made in the provisions transferred to Rule 354(c) consist of enlarging the time for giving notice of appeal, when required, from ten to thirty days after rendition of judgment or order overruling a motion for new trial; the addition of language expressly specifying that the thirty-day period begins to run when a motion for new trial is overruled by operation of law and requiring that opposing counsel be given notice of the filing of notice of appeal with the clerk. The provision, formerly embodied in old Rule 353(a)(1), permitting the giving of notice of appeal in open court, noted on the docket or embodied in the judgment, order overruling motion for new trial, or other minutes of the court, has been completely eliminated. Stated differently, the present rules provide only one method for giving notice of appeal, and that is by filing a written notice with the clerk of the court.

In promulgating the amendments effective January 1, 1976, the Supreme Court took care to preserve the provisions of old Rule 353 which it desired to retain. The provisions in old Rule 353 concerning limitation of the scope of an appeal were retained by embodying essentially the same language in, and making it the sole provision of, new Rule 353. Subdivision (b) of old Rule 353, specifying the contents of the notice of appeal when filed with the clerk, was retained by transferring it to new Rule 354(c). Subdivision (a)(2) of old Rule 353 was retained by embodying its provisions, concerning the filing of notice of appeal with the clerk, in new Rule 354. If the Supreme Court had intended to preserve the provisions of old Rule 353(a)(1), permitting additional ways of giving notice of appeal, it could easily have done so by incorporating it in new Rule 354(c), as was done with all other provisions of old Rule 353(a) and 353(b) which were retained by incorporation in the new rule.

Under the circumstances, the only reasonable conclusion is that since January 1, 1976, the notice of appeal, when required, must be in writing and filed with the clerk within thirty days after rendition of judgment or order overruling motion for new trial or after motion for new trial is overruled by operation of law. There is no longer authorization for an oral notice of appeal given in open court and embodied in the judgment or order overruling motion for new trial or other minutes of the court.

**40** ■

■ In the case before us, appellants are not required to give bond for costs on appeal. Therefore, Rule 354(c) requires written notice of appeal filed with the clerk. Since the motion for new trial was overruled by operation of law on January 30, 1978, appellants were required to file notice of appeal with the clerk no later than March 1, 1978. No such notice was filed with the clerk until March 2, 1978. Since notice of appeal was not given within the time specified, the appeal has not been perfected and this Court is without jurisdiction to consider the appeal.

In addition, the transcript in this case was not tendered to the clerk of this Court until April 14, 1978. Under Rule 386, appellants were required to file the transcript and statement of facts no later than 60 days after the motion for new trial was overruled by operation of law on January 30, 1978. The tender of the transcript on April 14, 1978, was, therefore, 14 days late.

On the same date that the transcript was tendered, appellants filed a motion for extension of time within which to file the statement of facts, and five days thereafter appellants filed a "supplemental" motion for extension of time. Neither of these instruments request an extension of time within which to file the transcript, and neither motion contains any allegations "reasonably explaining the need·for" an extension of time within which to file the transcript.

In *Anzaldua v. Richardson*, 279 S.W.2d 169 (Tex.Civ.App.—San Antonio 1955, writ ref'd n. r. e.), a majority of this Court held that where good cause was shown for failure to file the statement of facts, such showing was sufficient to support an extension of time for filing of the transcript. However, in that case, the motion expressly prayed for an extension of time within which to file both the transcript and statement of facts, and, in reaching its conclusion, the majority of this Court said:

> We hold, therefore, that a timely motion which asserts as grounds for late filing, the fact that the statement of facts for good cause is not ready, is also sufficient

reason for the late filing of the transcript, when both instruments are included within the motion, as in this case. 279 S.W.2d 170–71.

■ *Richardson* is not applicable here. In that opinion, the majority holding was expressly limited to the situation where both instruments are included within the motion. As already pointed out, in this case the motion for extension of time is limited to the statement of facts. Since appellants have failed to request an extension of time within which to file the transcript, there is no basis for granting such extension.

The appeal is dismissed.