**DUVAL COUNTY et al.,**
**Cross-Appellants,**

v.

**Homero BARRERA, Cross-Appellee.**

**No. 16001.**

Court of Civil Appeals of Texas,
San Antonio.

Sept. 26, 1978.

Rehearing Denied Nov. 15, 1978.

R. E. Lopez, Jr., Alice, Richard R. Gonzales, Hebbronville, J. G. Hornberger, Laredo, for cross-appellants.

John F. Ryan, Laredo, for cross-appellee.

PER CURIAM.

Homero Barrera brought suit individually and as representative of a class of persons similarly situated, all being taxpayers in Zone Three, Duval County, Texas, against Duval County and the other defendants.

---

2. Nothing herein precludes re-indictment. See footnote one of *Suarez v. State*, supra, at p. 602.

He alleged that the 1976 tax zoning scheme adopted by defendants was illegal and asked for injunctive relief from the payment of taxes based thereon. The trial court held that the 1976 tax plan was arbitrary and unlawful as contended by appellant, cross-appellee, and granted him injunctive relief. However, the Court denied relief to the members of the class action finding that they had shown no damage and had waived their objections to the 1976 plan. Homero Barrera as appellant appealed the judgment denying relief to the class. Appellant's motion for extension of time to file their brief was denied by this Court and his appeal was dismissed on March 3, 1978.

Duval County as cross-appellants allege the trial court erred in granting plaintiff, Homero Barrera, injunctive relief against Duval County for the collection of 1976 taxes. The judgment of the trial court in this case contained a recitation that all parties gave notice of appeal. The record contains no cost bond or notice of appeal on behalf of cross-appellants other than the recitation in the judgment. We dismiss cross-appellants' appeal.

The provisions concerning notice of appeal in these cases, where such notice is still required after January 1, 1976, are found in Rule 354(c), which provides as follows:

(c) When a bond for costs on appeal is not required by law, the appellant shall in lieu of a bond file a notice of appeal which shall be filed with the clerk, within thirty days after rendition of judgment or order overruling motion for new trial (or after such motion is overruled by operation of law.) Such notice shall be sufficient if it state the number and style of the case, the court in which pending, and that appellant desires to appeal from the judgment or some designated portion thereof. Copy of the notice shall be mailed by counsel for appellant in the same manner as the mailing of copies of the appeal bond. Tex.R.Civ.P. 354(c).

In *City of San Antonio v. Rudewick,* 567 S.W.2d 38 (Tex.Civ.App.—San Antonio 1978, writ ref'd n. r. e.), this Court held that it had no jurisdiction to consider the appeal of the City of San Antonio because the City,

being exempt from the requirement of a cost bond, had failed to file a separate notice of appeal as required by Rule 354(c) within thirty days after rendition of judgment or order overruling motion for new trial (or after such motion is overruled by operation of law.)

In *Rudewick,* this Court stated:

If the Supreme Court had intended to preserve the provisions of the old Rule 353(a)(1) permitting additional ways of giving notice of appeal, it could easily have done so by incorporating it in new Rule 354(c), as was done with all other provisions of old Rule 353(a) and 353(b) which were retained by incorporation in the new rule.

*Id.* at 39.

In the present case the cross-appellants are not required to give bond for cost on appeal. Therefore, Rule 354(c) requires that written notice of appeal filed with the clerk thirty days after rendition of judgment or order overruling motion for new trial. Since a motion for new trial was not filed, Duval County had thirty days after rendition of judgment to file a written notice of appeal with the clerk. The notice of appeal was not given within the time specified. As a result, the appeal has not been perfected, and this Court is without jurisdiction to consider the appeal.

The appeal is dismissed.