STATE DEPARTMENT OF HIGHWAYS
AND PUBLIC TRANSPORTATION of
Texas, Appellant,

v.

Linda DOUGLAS et al., Appellees.

No. 1461.

Court of Civil Appeals of Texas,
Corpus Christi.

Feb. 8, 1979.

Rehearing Denied March 1, 1979.

Joe D. Jarrard, Jr., Asst. Atty. Gen., Austin, for appellant.

Andrew L. Vogel, D. Lee Thomas, Jr., Fort Worth, Robert A. Allen, San Antonio, Abraham Moss, Law Office of Guy Allison, Corpus Christi, Patrick A. Cullen, Cullen, Crasner, Seerden & Williams, Victoria, for appellees.

## OPINION

BISSETT, Justice.

Two motions are pending before the Court in this case. State Department of Highways and Public Transportation of Texas, appellant, has filed a third motion to extend time to file the transcript and the statement of facts, requesting that the time be extended to February 8, 1979. Appellees have filed a motion to dismiss the appeal for lack of jurisdiction. Both appellant and appellees have filed memorandums in support of their positions concerning the latter motion. Appellees urge this Court to dismiss the appeal because appellant failed to file a proper notice of appeal as required by Rule 354(c), T.R.C.P.

Since the Texas Rules of Civil Procedure were amended, effective January 1, 1976, parties wishing to appeal must file a cost bond (or cash in lieu thereof) pursuant to Rule 354(a) and (b), and Rule 356, T.R.C.P., within 30 days after rendition of judgment or the overruling of a motion for new trial unless they are exempt from filing such a bond. Parties who are exempt by the statute and who wish to appeal, need not file such a bond or cash in lieu thereof, but must file a notice of appeal as required by Rule 354(c). The appeal, therefore, is not perfected until the bond or notice, whichever is appropriate, is timely filed. Rule 363.

In the case before us, the State Department of Highways and Public Transportation of Texas is exempt from filing an appeal bond. It was therefore necessary for it to timely file a notice of appeal in order to invoke this Court's jurisdiction in this appeal.

Appellant states that oral notice of appeal was given in open court on July 27, 1978, after its motion for new trial was overruled. It acquiesces that oral notice may no longer be sufficient, but contends that written notice was also given.

The viability of an oral notice of appeal has recently been decided in *City of San Antonio v. Rudewick*, 567 S.W.2d 38 (Tex.Civ.App.—San Antonio 1978, writ ref'd n. r. e.). In that case, the court discussed the interrelationship between Rule 353 prior to the 1976 amendments to the Rules of Civil Procedure and Rule 354(c) following the amendments, concluding, "there is no longer authorization for an oral notice of appeal given in open court and embodied in the judgment or order overruling motion for new trial or other minutes of the court." *Rudewick* at 39. We agree with the court's reasoning and conclusion in *Rudewick*.

The sufficiency of a written notice to constitute an adequate notice of appeal under new Rule 354(c) is judged by the same standards as applied to former Rule 353(b). As stated by our Supreme Court, "Under the rules as amended on January 1, 1976, only the appellant who is not required to give a bond for costs on appeal is required to give notice of appeal; and under Rule 354(c) the contents of the notice are precisely what was formerly required by Rule 353 . . . .," *Texas State Board of Pharmacy v. Gibson's Discount Centers, Inc.*, 539 S.W.2d 141, 142 (Tex.Sup.1976).

We therefore turn to the writing which appellant identifies as a written notice of

appeal. This consists of a letter dated August 25, 1978, addressed to the District Clerk of Bee County. We note at the outset that this letter was not designated to be included in the transcript. When the Clerk of this Court brought to our attention the apparent lack of a notice of appeal, appellant was requested to provide evidence of a notice if such existed. He thereafter directed the District Clerk to prepare a supplemental transcript containing the letter in question.

The Clerk's file mark on the letter shows that it was filed September 5, 1978. The record also reflects that appellant's amended motion for new trial was overruled July 27, 1978. Therefore, the 30-day period during which appellant could perfect its appeal by filing a notice of appeal expired August 26. However, since August 26 fell on Saturday, the due date was automatically extended to Monday, August 28, 1978, under Rule 4, T.R.C.P. The file date of September 5 was within the 10-day mailing rule of Rule 5, T.R.C.P.

Appellant's attorney has filed an affidavit in which he states that he personally mailed the written notice of appeal on August 5, 1978. Appellees contest this statement, claiming the length of the delay shows the letter must have been mailed later. If timeliness is the critical factor in our decision, this Court has fact-finding power to resolve a dispute concerning date of mailing. See Tex.Rev.Civ.Stat.Ann. art. 1822 (1964); *Alexander v. Alexander*, 539 S.W.2d 347 (Tex.Sup.1976); *Texas Rubber Supply, Inc. v. Jetslide International, Inc.*, 466 S.W.2d 279 (Tex.Sup.1971); *Glidden Co. v. Aetna Casualty and Surety Co.*, 155 Tex. 591, 291 S.W.2d 315 (1956); *Brown v. Brown*, 444 S.W.2d 837 (Tex.Civ.App.— Beaumont 1969, writ dism'd). Also see *Davies v. Massey*, 561 S.W.2d 799 (Tex.Sup. 1978) regarding the effect of an affidavit of timely mailing which was uncontroverted.

However, the dispositive issue here is the sufficiency of the letter to constitute a notice of appeal. Rule 354(c) states that:

"When a bond for costs on appeal is not required by law, the appellant shall in lieu of a bond file a notice of appeal which shall be filed with the clerk, within thirty days after rendition of judgment or order overruling motion for new trial (or after such motion is overruled by operation of law.) Such notice shall be sufficient if it states the number and style of the case, the court in which pending, and that appellant desires to appeal from the judgment or some designated portion thereof. Copy of the notice shall be mailed by counsel for appellant in the same manner as the mailing of copies of the appeal bond."

The aforesaid letter clearly includes the number and style of the case and the court in which the case is pending. It is therefore the final element of sufficiency which we address.

The first two paragraphs of appellant's letter dated August 25, 1978, describe several instruments being transmitted to the Clerk along with the letter, and designate that these instruments are to be included in the transcript. Appellant's first motion for extension of time to file the record in this Court stated that the transcript was formally requested on August 25, 1978. There is nothing in the record to indicate that the formal request was anything other than the letter dated August 25.

Appellant relies on the third paragraph of the letter as constituting a valid notice of appeal. The third paragraph contains one sentence and is copied in its entirety:

"I anticipate a motion in the Court of Civil Appeals for an extension of time under Rule 21c, Texas Rules of Civil Procedure, may be necessary as to the filing in that court of both Transcript and Statement of Facts since Mr. Johnson, the court reporter, was replaced there and has moved to San Angelo after this trial and has with him there some of the exhibits in this case as well of course as his notes of these proceedings and also, since notice of appeal was first given in open court July 27, 1978 in this case after the court overruled Defendant's, State Department of Highways and Public Transportation's (now Appellant's) Motion for New Trial."

The last portion of the sentence contains the purported written notice of appeal. It is certainly not a clear or direct statement that appellant desires to appeal from the judgment. Nevertheless, we must evaluate its intended meaning in order to determine its sufficiency. The most obvious meaning of the entire sentence is to apprise the District Clerk that the appellant anticipates filing a motion in the Court of Civil Appeals to extend time to file the record. Such a motion is of concern to the Clerk because the Clerk's deadline for preparing the transcript would be directly affected by the granting or denial of the motion. The reasons cited by appellant for the necessity of additional time are of no direct concern to the Clerk, however, because they relate to the work to be performed by the court reporter.

The reference in the letter to the oral notice of appeal, embedded in a list of reasons for the contemplated motion to extend time, can be interpreted as a recognition by appellant that the oral notice will not appear of record anywhere until the court reporter's notes are fully transcribed, including notes taken at the hearing on the amended motion for new trial. It appears to be primarily a reminder that oral notice was previously given.

It is possible to give emphasis to the phrase "*first* given in open court." Can it be said that, by implication, any subsequent writing which refers back to the oral notice somehow becomes a "second" or confirming notice, and therefore should be sufficient? We think not.

There is no question that the letter informs the reader that the appellant plans to appeal the judgment. The primary thrust is to identify instruments to the Clerk and request they be included in a transcript. However, merely making requests of the Clerk concerning various aspects of the appeal is insufficient to constitute a notice of appeal. In *Standard Insurance Co. v. Teague Brick & Tile Co.*, 425 S.W.2d 63 (Tex.Civ.App.—Waco 1968, writ ref'd), the majority held that a letter to the Clerk requesting an estimate of the necessary costs to be used in determining the amount of an appeal bond was not a notice of appeal, whereas the dissent urged that such an inquiry could reasonably be construed as notice of an intention to appeal, and that appellant desires to appeal to the Court of Civil Appeals. The Supreme Court refused the writ in that case and in another case with almost identical facts. See also *Weiner v. Murray*, 430 S.W.2d 126 (Tex.Civ.App.—San Antonio 1968, writ ref'd). Thus, the liberal construction of the rules does not extend to finding that a writing which clearly conveys an intention to appeal is necessarily sufficient.

The purpose of a writing or statement in several other cases has been analyzed to determine the sufficiency of notice. In *Allen v. Fitzpatrick*, 487 S.W.2d 146 (Tex.Civ.App.—San Antonio 1972, no writ), the Court determined that statements concerning appeal in a motion requesting entry of judgment were not sufficient, but were merely an announcement of a present intention to take an appeal at a future time. Also see *Yancy v. Wolfe*, 523 S.W.2d 516 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.), (letter to judge stating an intention to appeal any adverse judgment); *Grivel v. Atlanta Mutual Insurance Co.*, 513 S.W.2d 297 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.), (present intention to appeal at future time); *Shepherd v. City of Austin*, 467 S.W.2d 611 (Tex.Civ.App.—Austin 1971, writ ref'd n. r. e.), (intention to appeal unless motion for new trial was sustained); *Ortega v. Employers Casualty Co.*, 223 S.W.2d 663 (Tex.Civ.App.—San Antonio 1949, no writ), (statement that appellate court would have an opportunity to pass on the case).

We are mindful of the liberal construction to be given to the Rules of Civil Procedure, particularly as it relates to this jurisdictional step in perfecting the appeal. See *Hunt v. Wichita County Water Improvement Dist. No. 2*, 147 Tex. 47, 211 S.W.2d 743 (1948); *Inverness Forest Improvement Dist. v. Hardy St. Inv.*, 541 S.W.2d 454 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n. r. e.). We conclude

that the letter dated August 25, 1978, was not intended to be a notice of appeal. It would have been very easy to include a phrase or sentence merely stating that appellant desired to appeal. This was not done. The only mention of notice of appeal is found within a context unrelated to giving notice and does nothing but refer to an oral notice. This interpretation is strengthened by the failure of appellant to designate the letter to be included in the original transcript, which surely would have been done if appellant planned, at that time (August 25, 1978), to rely on the letter as a notice of appeal sufficient to meet the jurisdictional requirement. We also note that the District Clerk did not recognize the letter as a notice of appeal or she would likely have included it in the transcript even without a designation. See Rule 376, T.R.C.P.

We cannot conclude that the letter is sufficient. Appellant originally relied on the oral notice, but now asks us to find that a statement of such reliance actually constituted a second, jurisdictionally adequate notice. We are unable to so find, and dismiss the appeal for lack of jurisdiction. *Glidden Co. v. Aetna Casualty and Surety Co.*, 155 Tex. 591, 291 S.W.2d 315 (Tex.Sup.1956); *Howe v. Howe*, 223 S.W.2d 944 (Tex.Civ. App.—Eastland 1949, writ ref'd); *Grivel v. Atlantic Mutual Insurance Co.*, 513 S.W.2d 297 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.); *Martinez v. Euler*, 524 S.W.2d 814 (Tex.Civ.App.—Corpus Christi 1975, no writ).

 Moreover, even if it could be construed that appellant's oral notice of appeal and its letter indicating that it intends to appeal would amount to what could be denominated "a defective notice of appeal," then this still would be inadequate. As in the case where an appeal bond is required, a defective bond may be cured if corrected in a reasonable time, but here the State did not intend that the letter to the district clerk be its notice of appeal since it did not request the district clerk to include the letter as part of its transcript until questioned by our Clerk, and then only by incorporat-

ing the letter in a supplemental transcript. The State did not at any time attempt to file a corrected notice of appeal as in the case of a defective bond. We hold that the appellant has not given a proper notice of appeal as required by our Rules of Civil Procedure.

Appellant's third motion to extend time to file the record is denied and appellees' motion to dismiss for lack of jurisdiction is granted.

APPEAL DISMISSED.