**CITY OF IRVING, Texas, Appellant,**

v.

**Hattie Mae LESLEY et al., Appellees.**

**No. 23451.**

Court of Civil Appeals of Texas, Dallas.

Nov. 30, 1979.

Robert M. Tharp, Asst. City Atty., Irving, for appellant.

Timothy E. Kelley, Dallas, for appellees.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

GUITTARD, Chief Justice.

The City of Irving has tendered for filing a transcript which our clerk declined to file on the ground that it fails to show that an appeal has been perfected. The city has now filed a motion to compel the clerk to file the transcript. It relies on a "Direction to Clerk to Prepare Transcript" filed with the clerk within thirty days after the trial court's order overruling the motion for new trial. We hold that this document is sufficient as a notice of appeal, and, therefore, we direct the clerk to accept the tendered transcript for filing.

Since the city is exempt from the requirement of filing a bond, it may perfect an appeal by complying with subdivision (c) of

Rule 354, Tex.R.Civ.P., which provides as follows:

> When a bond for costs on appeal is not required by law, the appellant shall in lieu of a bond file a notice of appeal which shall be filed with the clerk, within thirty days after rendition of judgment or order overruling motion for new trial . . . . Such notice shall be sufficient if it state[s] the number and style of the case, the court in which pending, and that appellant desires to appeal from the judgment or some designated portion thereof.
>
> . . .

The document relied on as a notice of appeal is a formal "Direction to Clerk to Prepare Transcript," which was filed with the clerk five days after the motion for new trial was overruled. A certificate of counsel shows that a copy was mailed to opposing counsel. This document has a caption stating the number and style of the case, and it states that the city "has given notice of appeal from the Judgment rendered therein of August 3, 1979, to the Court of Civil Appeals of the Fifth Supreme Judicial District of Texas." It directs the clerk "to prepare a true copy of the proceedings in the trial court on this cause for use in said appeal."

Although this document does not state "that appellant desires to appeal from the judgment" in those exact words, it leaves no doubt that the city does desire to appeal. It states, erroneously perhaps, that the city had already given notice of appeal, and requests that a transcript be prepared "for use in said appeal." It also specifies the papers to be included in the transcript.

The purpose of the notice of appeal in Rule 354(c) is to make an official record that the party has a present desire to appeal and to give notice of that fact to the opposing party. Unquestionably, the document serves that purpose and complies otherwise with Rule 354(c). Consequently, we hold that it is sufficient as a notice of appeal.

We recognize that this holding is contrary to that of the Corpus Christi Court of Civil Appeals in *State Department of Highways and Public Transportation v. Douglas*, 577 S.W.2d 559 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.), which we are unable to distinguish in any material respect. The Corpus Christi court takes the view that the controlling consideration is whether the document in question (in that case, a letter to the district clerk requesting preparation of a transcript), was *intended* as a notice of appeal within Rule 354(c). We decline to follow *Douglas* because we conclude that whatever the ultimate intent of counsel, the controlling consideration is whether the document unequivocally evidences appellant's present desire to appeal. This document leaves no doubt in that respect. The words "to prepare a true copy . . . for use in said appeal" are neither prospective nor anticipatory. They clearly evidence an unconditional desire to undertake the steps necessary to complete the appellate process. The document complies with the rule in all other respects as well. Consequently, we hold that it is sufficient.

The motion is granted and the clerk is directed to accept the transcript and docket the appeal.