**Joseph Jay GREENSPAN,
M.D., Appellant,**

v.

**Henry P. ROSS, Administrator, Health South Rehabilitation Hospital of Texarkana, Inc., and Health South Rehabilitation Corp., Appellees.**

No. 06–97–00020–CV.

Court of Appeals of Texas,
Texarkana.

Submitted June 16, 1997.

Decided June 17, 1997.

Rehearing Overruled Aug. 5, 1997.

Paul Hoover, Paul D. Hoover & Associates, Texarkana, for appellant.

Paul Miller, Miller, James, Miller, Wyly, Hornsby, Texarkana, for appellees.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

PER CURIAM.

Joseph Greenspan appeals from a summary judgment. It appears that we may not have jurisdiction to entertain the appeal, so we first determine if the appeal was timely perfected. The judgment was signed on Friday, October 25, 1996. Any motion for new trial was therefore required to be filed on or before November 24. That date fell on Sunday, so the motion was due on the following Monday, November 25. Greenspan filed his motion for new trial on November 27, which is also the internal date of the document. The motion was therefore untimely; thus the appeal bond, which was filed on January 24, 1997, and the transcript, which was received on March 7, 1997, were also untimely. If the

perfecting instrument was untimely, we have no jurisdiction except to dismiss the appeal. *Gonzalez v. Doctors Hosp.-East Loop,* 814 S.W.2d 536, 537 (Tex.App.-Houston [1st Dist.] 1991, no writ).

Greenspan contends that the time for appeal began not from the day the judgment was signed, but instead on October 29, 1996, the date on which he first had notice of the judgment. TEX.R. CIV. P. 306a(4). In its order overruling the motion for new trial, the trial court found that the first day Greenspan received notice or knowledge of the judgment was October 29, 1996.

■ Greenspan argues that Rule 306a(4) extends the timetables because he did not receive notice of the judgment until four days after it was signed. Rule 306a(4), however, applies only if the party receives notice or actual knowledge of the judgment between twenty days and ninety days after the judgment is signed. Here, Greenspan received notice of the judgment four days after it was signed. In that situation, he still had twenty-six days to file his motion for new trial and be timely under TEX.R. CIV. P. 329b(a). Rule 306a(4) is designed to provide an escape mechanism for persons who receive notice of the judgment so late after its signing that they do not have a reasonable time left in which to file the motion within the thirty days provided by Rule 329b(a).

■ Alternatively, Greenspan contends that his opponent's alleged failure to submit the proposed judgment to Greenspan's attorney before submitting it to the trial court is a violation of a local rule and the fact that it was filed three days after it was signed, on October 28, 1996, justifies using the later date. There is no authority to support this position. Unless TEX.R. CIV. P. 306a or TEX. R.APP. P. 5(b) applies, the rules of appellate procedure require that the date the judgment was signed is the date from which the appellate timetables are to be calculated. TEX.R.APP. P. 41.

The Texas Supreme Court has held that the rules of appellate procedure are interpreted liberally to reach the merits whenever possible. *Jones v. Stayman,* 747 S.W.2d 369, 370 (Tex.1987); *Consolidated Furniture Co.*

*v. Kelly,* 366 S.W.2d 922, 923 (Tex.1963). To further that principle, it has given appellants broad latitude to amend their perfecting instruments. *See, e.g., Maxfield v. Terry,* 888 S.W.2d 809, 810–11 (Tex.1994) (cost bond can be "amended" by the filing of an additional bond if the first cost bond was mistakenly intended to invoke the appellate court's jurisdiction in two different causes); *City of San Antonio v. Rodriguez,* 828 S.W.2d 417, 418 (Tex.1992) (notice of appeal could be amended to show correct cause number); *Woods Exploration & Producing Co. v. Arkla Equip. Co.,* 528 S.W.2d 568, 570 (Tex.1975) (clerk's certificate of cash deposit could be amended to show additional parties).

In *Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex.1994), and *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991), the Supreme Court held that an appellant could amend an ineffective perfecting instrument by filing a different instrument. In *Grand Prairie,* the court held that an appellant who timely filed a notice of appeal but who should have filed an appeal bond was entitled to amend or refile by filing a cost bond or cash deposit.

■ The common factor linking each of these cases is that some document was timely filed which could later be amended. A motion for new trial must be filed within thirty days of the date the judgment is signed. TEX.R. CIV. P. 329b(a); *Jamar v. Patterson,* 868 S.W.2d 318, 319 (Tex.1993). A trial court cannot extend time to file a motion for new trial. *L.M. Healthcare, Inc. v. Childs,* 920 S.W.2d 286, 287 (Tex.1996). No timely document was filed in the present case.

Because the appeal was not timely perfected, it is dismissed for want of jurisdiction.