TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00351-CV






Ricky Antonio Sosa, Appellant



v.



Texas Department of Protective and Regulatory Services, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT


NO. C-02-0279-J, HONORABLE RAE LEIFESTE, JUDGE PRESIDING 






M E M O R A N D U M O P I N I O N




 Ricky Antonio Sosa has filed a motion for extension of time to file his notice of
appeal. See Tex. R. App. P. 26.3. Sosa's parental rights were terminated in an order signed March
11, 2004. An appeal from a judgment terminating parental rights is an accelerated appeal. Tex.
Fam. Code Ann. §§ 109.002(a), 263.405(a) (West 2002); In re T.W., 89 S.W.3d 641, 641 (Tex.
App.--Amarillo 2002, no pet.). Accordingly, the notice of appeal was due twenty days after the
judgment was signed, or March 31, 2004. See Tex. R. App. P. 26.1(b); Hone v. Hanafin, 104
S.W.3d 884, 886 (Tex. 2003). Any motion for extension of time to file the notice of appeal was due
within fifteen days after the deadline, or April 15, 2004. See Tex. R. App. P. 26.3; In re B.G., 104
S.W.3d 565, 567 (Tex. App.--Waco 2002, order). Appellant's notice of appeal was not filed until
June 1, 2004; his motion for extension of time was filed June 8, 2004.

 In his motion for extension of time, appellant notes that his trial counsel filed a
motion for new trial. (1) However, a motion for new trial does not extend the appellate deadlines in
a case terminating parental rights. Tex. Fam. Code Ann. § 263.405(c); In re A.J.K., 116 S.W.3d 165,
167 (Tex. App.--Houston [14th Dist.] 2003, no pet.); B.G., 104 S.W.2d at 567; T.W., 89 S.W.3d at
641. A motion for extension of time to file the notice of appeal is permissible, but that motion must
be filed within fifteen days after the twenty day deadline for filing a notice of appeal in an
accelerated case. See Tex. R. App. P. 26.3; B.G., 104 S.W.3d at 567. Appellant explains that new
counsel was appointed for him on May 24, 2004, and that the failure to meet appellate deadlines was
not appellant's fault.

 In the absence of a timely notice of appeal, a court of appeals lacks jurisdiction over
the attempted appeal. See Tex. Rubber Supply, Inc. v. Jetslide Int'l, Inc., 466 S.W.2d 279, 280 (Tex.
1971); Mevico, Inc. v. Carruth, 520 S.W.2d 801, 801 (Tex. App.--Corpus Christi 1975, no writ). 
In the absence of jurisdiction, the court can take no action other than dismissal. In re A.L.B., 56
S.W.3d 651, 652 (Tex. App.--Waco 2001, no pet.); Greenspan v. Ross, 949 S.W.2d 45, 45-46 (Tex.
App.--Texarkana 1997, writ denied). The appellate court may not enlarge the time for perfecting
appeals in civil cases. Tex. R. App. P. 2; T.W., 89 S.W.2d at 642. Because appellant's notice of
appeal was filed beyond the twenty-day deadline for an accelerated appeal and the further fifteen-day
period for seeking an extension of time, this Court lacks jurisdiction and must dismiss the appeal for
want of jurisdiction. T.W., 89 S.W.3d at 642-43; Denton County v. Huther, 43 S.W.3d 665, 667 n.2
(Tex. App.--Fort Worth 2001, no pet.); Grondona v. Sutton, 991 S.W.2d 90, 93 (Tex. App.--Austin
1998, pet. denied). Accordingly, this Court dismisses the motion for extension of time to file the
notice of appeal and dismisses the appeal for want of jurisdiction. See Tex. R. App. P. 42.3(a)
(dismissal for want of jurisdiction).



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Kidd and B. A. Smith


Dismissed for Want of Jurisdiction


Filed: July 29, 2004
1. The clerk's record, however, does not contain a motion for new trial.