# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00351-CV

**Ricky Antonio Sosa, Appellant**

**v.**

**Texas Department of Protective and Regulatory Services, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
NO. C-02-0279-J, HONORABLE RAE LEIFESTE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Ricky Antonio Sosa has filed a motion for extension of time to file his notice of appeal. *See* Tex. R. App. P. 26.3. Sosa's parental rights were terminated in an order signed March 11, 2004. An appeal from a judgment terminating parental rights is an accelerated appeal. Tex. Fam. Code Ann. §§ 109.002(a), 263.405(a) (West 2002); *In re T.W.*, 89 S.W.3d 641, 641 (Tex. App.—Amarillo 2002, no pet.). Accordingly, the notice of appeal was due twenty days after the judgment was signed, or March 31, 2004. *See* Tex. R. App. P. 26.1(b); *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003). Any motion for extension of time to file the notice of appeal was due within fifteen days after the deadline, or April 15, 2004. *See* Tex. R. App. P. 26.3; *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, order). Appellant's notice of appeal was not filed until June 1, 2004; his motion for extension of time was filed June 8, 2004.

In his motion for extension of time, appellant notes that his trial counsel filed a motion for new trial.[1] However, a motion for new trial does not extend the appellate deadlines in a case terminating parental rights. Tex. Fam. Code Ann. § 263.405(c); *In re A.J.K.*, 116 S.W.3d 165, 167 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *B.G.*, 104 S.W.2d at 567; *T.W.*, 89 S.W.3d at 641. A motion for extension of time to file the notice of appeal is permissible, but that motion must be filed within fifteen days after the twenty day deadline for filing a notice of appeal in an accelerated case. *See* Tex. R. App. P. 26.3; *B.G.*, 104 S.W.3d at 567. Appellant explains that new counsel was appointed for him on May 24, 2004, and that the failure to meet appellate deadlines was not appellant's fault.

In the absence of a timely notice of appeal, a court of appeals lacks jurisdiction over the attempted appeal. *See Tex. Rubber Supply, Inc. v. Jetslide Int'l, Inc.*, 466 S.W.2d 279, 280 (Tex. 1971); *Mevico, Inc. v. Carruth*, 520 S.W.2d 801, 801 (Tex. App.—Corpus Christi 1975, no writ). In the absence of jurisdiction, the court can take no action other than dismissal. *In re A.L.B.*, 56 S.W.3d 651, 652 (Tex. App.—Waco 2001, no pet.); *Greenspan v. Ross*, 949 S.W.2d 45, 45-46 (Tex. App.—Texarkana 1997, writ denied). The appellate court may not enlarge the time for perfecting appeals in civil cases. Tex. R. App. P. 2; *T.W.*, 89 S.W.2d at 642. Because appellant's notice of appeal was filed beyond the twenty-day deadline for an accelerated appeal and the further fifteen-day period for seeking an extension of time, this Court lacks jurisdiction and must dismiss the appeal for want of jurisdiction. *T.W.*, 89 S.W.3d at 642-43; *Denton County v. Huther*, 43 S.W.3d 665, 667 n.2 (Tex. App.—Fort Worth 2001, no pet.); *Grondona v. Sutton*, 991 S.W.2d 90, 93 (Tex. App.—Austin

---

[1] The clerk's record, however, does not contain a motion for new trial.

1998, pet. denied).  Accordingly, this Court dismisses the motion for extension of time to file the notice of appeal and dismisses the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a) (dismissal for want of jurisdiction).

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed:   July 29, 2004