## D. T. BOMAR ET AL. V. J. B. WEST ET AL.

### No. 206.

1. **Record—Agreed Facts in Trial Court—Rules for District Court.**
   Under Rule 12 of "Rules for the District Court," any agreement signed by the attorneys in a cause and filed among the papers shall become a part of the record. An agreed statement of the facts was signed by counsel of both parties and filed; the findings of law by the trial judge and the judgment show that the case was tried upon said agreed statement. In such case, on appeal, the agreed statement appearing in the transcript, it operates as a statement of facts. It was error in the Court of Civil Appeals to strike it from the record..................................................... 300

2. **Practice in Supreme Court—Jurisdiction.**
   Where a Court of Civil Appeals has decided a case upon the merits and a writ of error has been granted, the Supreme Court has uniformly considered the whole case so far as necessary to its proper disposition upon all the errors assigned, although the Court of Civil Appeals may not have deemed it necessary to determine all the questions presented ......................... 302

3. **Power of Sale—Construction.**
   A vendor sold land, taking promissory notes therefor due one, two, three, four, and five years after date, executing a deed of trust upon the land to secure the purchase money notes. The deed of trust provided, that "in default of the payment of said notes, or of either of them, that a foreclosure of said trust deed should be had at the instance of said vendor, or the legal holder of said notes." The vendor sold the note first falling due, and default was made in its payment; the holder directed sale by the trustee. *Held*, that a sale made by the trustee was void, the terms of the grant not giving power to sell at instance of the holder of the note so assigned................... 302

ERROR to Court of Civil Appeals for Second District, in an appeal from District Court of Clay County.

The facts are given in the opinion. The substantial matters complained of in the petition for writ of error are:

"1. The court erred in striking out the statement of facts herein and refusing to consider the same, for the reason that there was an agreed statement of facts filed in the lower court before the trial of said cause in the lower court, and was part of the record at and prior to the time of the trial in the lower court; and it appears from the judgment rendered in the lower court that this cause was there tried on an agreed statement of facts then on file; and it appears from the record that this statement was then on file. It further appears from the conclusions of law filed in the trial court that the facts had been agreed upon. The conclusions of law refer to facts that make it manifest that this is the statement on which the court acted.

"2. The court erred in affirming this cause, for the reason that the agreed statement of facts herein shows that the deed from Frost, the trustee, to West, conveying the land in controversy, was absolutely

void, * * * because the trust deed only authorized sale at request of the holder of all the purchase money notes, when the foreclosure sale was made at instance of the holder of but one out of five notes."

*Bomar & Bomar*, for plaintiffs in error.

*Eldridge & Garner* and *Bomar & Bomar*, also for plaintiffs in error.

When a deed of trust with power of sale is made to secure more than one note, with provision that in case of default the trustee should, at the request of the holder of said notes, sell same to satisfy the debt, and said notes at the time of default are held by different persons, then both holders must join in the request to trustee to sell, and in the event one of them does not join in the request the sale will be void. Delespine v. Campbell, 52 Texas, 4; Robertson v. Guerin, 50 Texas, 317; Railway v. Parker, book 36, U. S. L. C. P. Ed., 71.

*Swan & Swain*, for defendants in error.

GAINES, Chief Justice.—In this cause the Court of Civil Appeals granted a motion on part of appellees (the defendants in error in this court) to strike out the statement of facts, and finding no assignment of error which could be considered in the absence of such a statement, affirmed the judgment.

The correctness of the court's action in striking out the statement of facts presents the first question for our determination. Before the trial of the case in the District Court an agreement signed by the attorneys for the plaintiff and for the defendants, who had answered respectively, as to the facts of the case, was filed among the papers, and it was expressly stipulated in the agreement that the cause should be tried upon the facts so agreed upon, unless one Callahan, also a defendant, should appear and answer. Callahan did not answer, and it appears from the record that the cause was tried upon the statement of facts so agreed upon and filed for that purpose. The judge before whom the cause was tried without a jury filed no conclusions of fact, but stated in his conclusions of law that the facts had been agreed upon. The judgment contains the following recitals: "Be it remembered, that on this day this cause came on to be heard, whereupon came the plaintiff S. B. West and defendants A. W. Raht and D. T. Bomar, by counsel, and announced ready for trial, and no jury being demanded, the cause proceeded to trial before the court, and the court having inspected the agreed statement of facts herein, and having heard the argument of counsel, is of the opinion that the law is for the plaintiff," etc.

In The State v. Connor, 86 Texas, 133, it was held that an agreed statement of facts upon which a case has been tried and which has been embodied in the judgment of the court, is "sufficient to authorize

a revision of the judgment upon matters growing out of such facts." That ruling is placed upon the ground that the incorporation of the statement in the judgment of the court is "as much an approval as if the judge had made a certificate under the statute." The decision announced in that case is decisive of the question before us. Rule 12 of "Rules for the District Court" provides, among other things, in substance, that any agreement signed by the attorneys in a cause and filed among the papers of the case shall become a part of the record. Where, therefore, an agreed statement of facts has been filed, in which it is stipulated that the case shall be tried upon such statement, and where the judgment entry shows that the judge has decided the case upon such statement, the fact that the case has been tried upon the facts so agreed upon is as clearly manifested as if the stipulation had been embodied in the entry itself.

But the conclusions of law filed by the trial judge showing also that his conclusions were arrived at from the agreed statement of facts, and the agreed statement being a part of the record, it would seem that the stipulated facts should be treated as conclusions of fact found by him. It would serve no useful purpose to repeat the agreement as his findings of fact, when he has no power to find otherwise than has been agreed upon by the parties. When he refers to the agreement as the basis upon which his conclusions of law are founded, we know with as much certainty the facts upon which the case has been determined as if he had filed his conclusions of fact, or as if he had certified to the agreement as the statement of facts filed. All the purposes of the several statutes of this State enacted for the purpose of bringing the facts of a case before the appellate courts have been as fully subserved as if their terms had been literally followed.

We therefore conclude, that the Court of Civil Appeals erred in striking out the statement of facts, and in refusing to consider the assignment of error for the want of such statement. The action of the appellate court places us in the anomalous position of having to pass upon the errors assigned without the aid of the conclusions of that court. Where a Court of Civil Appeals has refused to entertain jurisdiction of a cause and has dismissed an appeal, and when upon a writ of error this court has held that the appeal should not have been dismissed, we have reversed the judgment and remanded the cause to the appellate court. The statute contains no express authority for a remand of a cause to that court; but it is evidently contemplated that this court should not pass upon a case until it has been determined in a Court of Civil Appeals. Hence, when an appeal has been wrongfully dismissed and a writ of error has been sued out, the necessity of the case requires that we should send it back to the appellate court for a decision upon the merits, and for a statement of their conclusions of fact and law, as required by the statute.

But on the other hand, where a Court of Civil Appeals has decided a case upon the merits and we have granted a writ of error, we have uniformly considered the whole case, in so far as was necessary to its proper disposition, upon all the errors assigned, although the Court of Civil Appeals may not have deemed it requisite to determine all the questions presented. This case comes under the latter class, and hence we conclude that we should decide the whole case and send our mandate to the trial court.

The view we take of the cause renders it unnecessary that we should set out in detail the somewhat complicated state of facts which is presented by the record and which gave rise to the litigation. The defendant in error brought the suit to recover a tract of land in possession of the defendant Raht. He (the plaintiff below) claimed title through a sale made by a trustee under a deed in trust executed by one Skinner to secure the payment of five promissory notes made by Skinner payable to Bomar, one, two, three, four, and five years after date respectively. The deed in trust provided, "in default of the payment of said notes, or of either of them, that a foreclosure of said trust deed should be had at the instance of said D. T. Bomar or the legal holder of said notes." The first of the notes to mature was transferred by Bomar to the West Publishing Company before maturity; and subsequently the others were transferred to one Callahan. Skinner having failed to pay the note which was transferred to the West Publishing Company at its maturity, the trustee at the request of that company advertised and sold the land at public outcry for the satisfaction of that note, and at the sale the defendant in error became the purchaser. At the time of the sale the other notes which had been transferred to Callahan were not due.

We are of opinion that the sale by the trustee did not pass title to the land. The limitation upon the power of the trustee to sell upon default in the payment of either of the notes at maturity is, that he shall act upon the request of "the holder of the notes." The literal meaning of this language is, that any person who was the lawful holder of all the notes at the time default was made in the payment of either of them should have the right to demand of the trustee that he make the sale. It may be that it should be construed to mean that the joint demand of all the holders of the notes would be sufficient to authorize the trustee to execute the trust upon default in the payment of either. But we are of opinion, that it does not mean that in case of a transfer of the several notes to different holders any one of them has the right to demand a sale without the consent of the others. Such a construction is not beneficial either to the mortgagor or to the original holder of the notes.

Now, the power of a trustee to make a sale in such a case can only be exercised when there has been a compliance with the limitations im-

posed by the terms of the grant.   The deed in trust not having provided that a holder of any one of the notes should have the right to demand a sale, we conclude that the trustee acted without authority, and that his sale passed no title.   The defendant in error, the plaintiff below, not having acquired title to the land through his purchase, the judgment must be reversed; and in order that he may set up his equities, if any he have, the cause is remanded to the trial court.

*Reversed and remanded.*

Delivered November 17, 1894.