## MARIE ANCHOR HUNT ET AL V. WICHITA COUNTY WATER IMPROVEMENT DISTRICT NO. 2 ET AL.

No. A-1621. Decided June 2, 1948.
(211 S. W., 2d Series, 743.)

48

*E. W. Napier*, of Wichita Falls, for petitioners.

The Court of Civil Appeals erred in holding that the notice of appeal was insufficient and in dismissing the case. Weller v. Hayes Truck Lines, Mo., 197 S. W. (2d) 657.

*Britain & Connell* and O. R. TIPPS, all of Wichita Falls, for respondents.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

The Court of Civil Appeals dismissed petitioner's appeal, holding that they had failed to give notice of appeal from the judgment of the district court which had sustained exceptions to their petition and dismissed their suit. 207 S. W. (2d) 703.

The suit, filed on April 9, 1941, and not disposed of by the district court until July 7, 1947, is a bill of review to set aside a judgment rendered October 15, 1930, in favor of the Water Improvement District against petitioner, Mrs. Hunt, for delinquent tax assessments, penalties, interest and attorney's fees in the sum of $4,050.78 with foreclosure of lien on about 300 acres of land. That judgment was affirmed by the Court of Civil Appeals and by this Court. Anchor v. Wichita County Water Improvement Dist. No. 2, 123 Texas 105, 66 S. W. (2d)

657, 129 Texas 385, 103 S. W. (2d) 135, 112 A. L. R. 70. Thereafter, in 1938, an order of sale was issued and the land was bought at the sale by the Water Improvement District.

On July 9, 1947, the district court heard the many special exceptions filed in this suit to petitioners' second amended original petition, sustained all of the exceptions and dismissed the suit with prejudice. The judgment recites that petitioners, in open court, excepted but it contains nothing showing whether they at that time asked leave to amend. On July 14, 1947, petitioners presented and asked leave to file their third amended original petition. The trial court noted on the petition its refusal of leave to file, and the notation contains also the following sentence: "To which action the plaintiff excepted and gave notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District at Ft. Worth, Texas." The third amended original petition bearing the notation quoted was filed by the clerk of the district court on July 14, 1947.

The Court of Civil Appeals concluded "that the appellant gave notice of appeal from the order disallowing the filing of her third amended original petition and that she did not give notice of appeal from the final judgment in the case," and dismissed the appeal "because no notice of appeal was given from the final judgment."

■ In our opinion, that court placed too narrow a construction upon the part of the notation above quoted which describes the taking of exception and the giving of notice of appeal. The judgment rendered July 9, 1947, dismissing the suit was the final judgment of the district court. The refusal of the court of July 14, 1947, to grant leave to file another amended petition was not a final judgment or order from which an appeal could be taken. We should assume that counsel who gave notice of appeal knew that appeal could be taken only from the final judgment and that he was expressing and giving notice of an intention to appeal from that judgment and not from an order from which no appeal would die. He excepted to the court's action in refusing leave to amend and he gave notice of appeal. There is no statement that he gave notice of appeal from the refusal permit amendment. The words used do not necessarily mean that the notice of appeal related or was limited to the court's action on the request for leave to amend. They are reasonably construed as notice of an intention to appeal from the judgment from which appeal could be taken.

The notice of appeal given in this case was at least in substantial compliance with Rule 353, Texas Rules of Civil Procedure. It was set out in the court's order noted on the amended petition and was filed with the clerk within ten days after the judgment was rendered. It has uniformly been held that both the statutes or rules prescribing the steps for appealing and the record before the court will be liberally construed in favor of the right of appeal. Patrick v. Pierce, 107 Texas 620, 183 S. W. 441; Houston Life Ins. Co. v. Dabbs, 125 Texas 100, 103, 81 S. W. (2d) 42; Neeley v. County of Tarrant, 132 Texas 357, 124 S. W. (2d) 101; Smirl v. Globe Laboratories, 144 Texas 41, 44-45, 188 S. W. (2d) 676; W. C. Turnbow Petr. Co. v. Fulton, 145 Texas 56, 64, 194 S. W. (2d) 256; Barron v. James, 145 Texas 283, 289-290, 198 S. W. (2d) 256.

■ Respondent, the Water Improvement District, urges us, in the event we hold that the appeal to the Court of Civil Appeals should not have been dismissed, to determine the questions presented by petitioners' brief in that court, they being questions of law, and to make final disposition of the case. When a case has been decided upon the merits by a Court of Civil Appeals, and the Supreme Court, after having granted a writ of error, does not agree with the holding of the Court of Civil Appeals on which its judgment was based, it may and frequently does consider and decide other questions of law which were presented and assigned but not decided in the Court of Civil Appeals and finally determine the case. Bomer v. West, 87 Texas 299, 302, 28 S. W. 519; Holland v. Nimitz, 111 Texas 419, 431-432, 232 S. W. 298, 239 S. W. 185; Harris County v. Charlton, 112 Texas 19, 26, 243 S. W. 460, 245 S. W. 644; Chapman v. Crichet, 127 Texas 590, 596, 95 S. W. (2d) 360, 96 S. W. (2d) 64; Barron v. James, 145 Texas 283, 198 S. W. (2d) 256. But when a Court of Civil Appeals has refused to entertain jurisdiction of a cause and has dismissed an appeal and the Supreme Court, upon writ of error, has held that the appeal should not have been dismissed, the established practice is that this Court reverses the judgment of the Court of Civil Appeals and remands the cause to that court for reinstatement and consideration upon its merits. Bomar v. West, 87 Texas 299, 301, 28 S. W. 519; Smirl v. Globe Laboratories, 144 Texas 41, 188 S. W. (2d) 676; W. C. Turnbow Petr. Co. v. Fulton, 145 Texas 56, 194 S. W. (2d) 256; McKenzie v. Withers, 109 Texas 255, 206 S. W. 503; Blalock v. Slocomb (Com. App.), 245 S. W. 648; Keystone Pipe & Supply Co. v. Liberty Ref. Co. (Com. App.), 260 S. W. 1018.

The reason for this practice is that the Supreme Court has appellate jurisdiction only (except where it is authorized to

exercise original jurisdiction) and that this appellate jurisdiction is limited (except in certain cases where direct appeal from trial courts may be allowed) to question of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction. Subject to the exceptions above mentioned, it is contemplated that the Supreme Court should not pass upon a case until it has been determined in a Court of Civil Appeals. Bomar v. West, 87 Texas 299, 301, 28 S. W. 519; Morrow v. Corbin, 122 Texas 553, 562, 62 S. W. (2d) 641; Constitution of Texas, Art. 5, Secs. 3, 3-b.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court.

Opinion delivered June 2, 1948.

No motion for rehearing on file.