**Opal Chesnutt CALAME et vir, Appellants,**

**v.**

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, General Motors Acceptance Corporation and Gordon Rountree Motors, Ltd., Appellees.**

**No. 4658.**

Court of Civil Appeals of Texas.
Waco.

Jan. 18, 1968.

Flahive & Ogden, R. M. Ogden, Austin, for appellant.

McLaughlin, Clark, Fisher, Gorin & McDonald, Bryan, Wilson, Olson & Stem, Waco, for appellee.

## OPINION

WILSON, Justice.

Appellants sued three defendants, all of whom filed motions for summary judgment. The motion of the first defendant was sustained and an interlocutory take-nothing judgment was rendered as to that defendant June 1, 1967. On June 9, 1967, a telegram apparently sent by appellants' attorney directed to the trial judge was delivered to the judge's office. It referred to the cause number, and read: "Please note our objection to granting of motion for summary judgment in favor of" the first defendant. "We will appeal this order if necessary at rendition of final judgment against" the other two defendants.

By summary judgment rendered August 16, 1967, it was ordered that appellants take nothing against the other two defendants.

A letter from appellants' counsel dated August 4, 1967 addressed to the trial judge was received by the judge August 7, 1967. It gave the style and number of the cause, and stated: "We have your letter of July 31, 1967. This is to serve notice that the plaintiffs intend to appeal the motion for summary judgment granted in favor of the" two defendants. "We have previously given notice of our intention to appeal motion for summary judgment in favor of" the first defendant. The letter indicates a copy was sent to appellees' counsel. There are other unauthenticated letters included in the transcript, which are not a part of the record, and which cannot be considered by us.

Appellees say that under these facts no notice of appeal was given as required by Rule 353, Texas Rules of Civil Procedure, and we have no jurisdiction.

The Rule authorizes two methods of giving notice of appeal: (1) in open court as therein provided, or (2) "filed with the clerk." A notice of the latter type "shall be sufficient if it state the number and style of the case, the court in which pending, and that appellant desires to appeal from the judgment or from some designated portion thereof."

■ The Rule "will be liberally construed in favor of the right of appeal." Hunt v. Wichita County Water Improvement Dist. No. 2, 147 Tex. 47, 211 S.W.2d 743, 744.

■ The telegram alone obviously does not comply with the Rule. Neither letter nor telegram was filed with the clerk; but Rule 74, prescribing that papers required by the Rules shall be filed with the clerk, provides an alternative: "that the judge may permit the papers to be filed with him." In our opinion, application of the rule is not confined to pleadings, as appellee contends.

■ The telegram and letter were prematurely filed; both antedated the final judgment. Rule 306c declares, however, that

no "notice of appeal shall be held ineffective because prematurely filed."

■ When a liberal construction of the Rules is applied to the letter it is sufficient, in our opinion, to constitute an effective notice of appeal. Appellees' contention is overruled.

Plaintiff, Mrs. Calame, sued the appellees, Prudential, General Motors Acceptance Corporation and an automobile dealer. She asserted rights as a third-party beneficiary under a contract entered into by her elderly brother-in-law, J. E. Carson, deceased.

The petition alleged facts as follows: Carson applied to and obtained creditor's life insurance on his life under a group policy issued by Prudential in favor of G. M. A. C. to secure payment of part of the purchase price of an automobile bought from defendant dealer and financed by G. M. A. C. The parties had made similar contracts in prior years by which plaintiff became the registered owner of the automobiles, paying half of the purchase price and half of the credit insurance premiums. It was "the understanding with" the dealer that she had such interest in the automobile, and the dealer agreed that the present purchase would be "the same deal" as the previous car purchases, and that if Carson died before extinguishment of the debt and lien, G. M. A. C. would be paid by Prudential. Defendants had knowledge of the previous arrangements, and each received a consideration thereunder, it was alleged.

Carson died thereafter and the insurer refused to pay G. M. A. C., which repossessed the car. Judgment was sought against all defendants in the amount of the insurance, statutory penalty and attorneys' fees. Defendants pleaded defenses not necessary to summarize. Prudential also pleaded Carson was not in good health, as he represented, when the policy was issued. No relief was sought on behalf of Carson's estate.

Appellant's affidavit, attached to her answer to appellees' motion for summary

judgment, recited that she and Carson purchased the car in question; that she was the registered owner and it was repossessed from her; that Carson signed the conditional sales contract under which he became obligated to pay the purchase price balance; that she paid half of the premium and an installment on the debt; that the dealer's salesman told "us" that the insurance on Carson's life would pay off the obligation, and the dealer "knew I had a direct interest in the purchase"; that there were no direct dealings with Prudential or G. M. A. C.

The record, after every favorable inference is accorded to appellant, negatives existence of any material issue of fact as against the dealer, Gordon Rountree Motors, Ltd. The only averments relating to a purported cause of action against this defendant are that the car was sold "with knowledge" of the corporation that plaintiff "had a direct interest in the automobile", and was making payments on it, and that "it was the understanding between Gordon Rountree Motors, Ltd., Mr. J. E. Carson and Opal Chesnutt Calame that if Mr. Carson died before extinguishment of the first lien, the lien would be paid in full by" the insurance company to G. M. A. C. It was alleged plaintiff and Carson dealt only with the corporation's salesman. It was alleged the dealer's salesman represented "that a policy of insurance would be issued" by Prudential, "and that the transaction would be handled entirely as the transactions had been handled" in prior years. Nothing inconsistent with the facts shown to surround the present transaction is evidenced concerning previous dealings.

Plaintiff contends the summary judgments in favor of Prudential and G. M. A. C. are unwarranted because she is a third-party beneficiary of the insurance contract. Although a third person may sue to enforce a contract made for his benefit, "to entitle him to enforce such provision it must be shown that the contracting parties intended to make same for his benefit. The intention of the contracting parties in this respect is of controlling importance." Banker v.

Breaux, 133 Tex. 183, 128 S.W.2d 23, 24. It is presumed parties intended to contract only for themselves, and it will be enforced for the benefit of third parties only if it clearly appears the contracting parties so intended. Citizens Nat. Bank v. Texas & P. Ry. Co., 136 Tex. 333, 150 S.W.2d 1003, cert. den.; Knox v. Ball, 144 Tex. 402, 191 S.W.2d 17, 21, 164 A.L.R. 1453.

The motions of defendants, plaintiff's reply, as well as the judgment, recite that plaintiff's deposition was before the trial court and was considered in rendering summary judgment. It is not in the record, and we are unable to decide from the incomplete record that the judgment is erroneous under the applicable rules governing actions of this type by third persons. It is presumed the deposition authorized the judgment. Alexander v. Bank of America National Trust and Savings Ass'n., Tex. Civ.App., 401 S.W.2d 688, writ ref.

Affirmed.