The **STANDARD INSURANCE COMPANY**,
Appellant,

v.

**TEAGUE BRICK & TILE COMPANY et al.,**
Appellees.

The **STANDARD INSURANCE COMPANY**,
Appellant,

v.

Townsend **CLARK, Individually and d/b/a**
Clark & Clark, Appellee.

**Nos. 4661, 4662.**

Court of Civil Appeals of Texas.

Waco.

Feb. 15, 1968.

Rehearing Denied March 7, 1968.

Dissenting Opinion March 7, 1968.

John L. Bates, Waco, for appellant.

W. A. Keils, Jr., Teague, for appellees.

## OPINION

WILSON, Justice.

Judgment in these non-jury actions was rendered August 16, 1967. There was no motion for new trial. The appeal bond was filed September 7, 1967. No notice of appeal in any manner prescribed by Rule 353, Texas Rules of Civil Procedure was given.

On August 25, 1967 a letter from appellant's counsel addressed to the district clerk was received by the clerk. It referred to the style and number of the cause and read: "I would appreciate your furnishing me with an estimate of the necessary costs to be used in determining an appeal bond to appeal the above case to the Court of Civil Appeals." An appeal bond was filed September 14.

The letter inquiring as to an estimate of the amount of costs is not a notice of appeal. We have no jurisdiction. The appeals are dismissed.

## ON REHEARING

McDONALD, Chief Justice (dissenting).

I respectfully dissent. Counsel for appellant addressed to the District Clerk the following letter, which was timely received and filed by the Clerk:

"Law Offices

JOHN L. BATES

Suite 308 Medical Arts Bldg.
Waco, Texas

August 25, 1967

"Clerk
Eighty Seventh Judicial District Court
Fairfield, Texas 75840

RE: Standard Insurance
vs.
Teague Brick & Tile Co. et al
Cause No. 6042 & 6043B

"Dear Sir:

"I would appreciate your furnishing me with an estimate of the necessary costs to be used in determining an appeal bond to appeal the above case to the Court of Civil Appeals.

Very truly yours,
/s/ John L. Bates
John L. Bates"

Rule 353 TRCP authorizes 2 methods of giving notice of appeal: (1) In open court as therein provided, or (2) "filed with the clerk". A notice of the latter type "shall be sufficient if it state the number and style of the case, the court in which pending, and that *appellant desires to appeal from the judgment.*"

Such rule "will be liberally construed in favor of the right of appeal". Hunt v. Wichita Co. Water Improvement Dist., 147 Tex. 47, 211 S.W.2d 743, 744.

The foregoing letter states the number and style of the cases, the court in which same were pending, and under a liberal construction in favor of the right to appeal, may be reasonably construed as notice of an intention to appeal, or that appellant desires to appeal to the Court of Civil Appeals. And appellant thereafter timely filed its appeal bonds.

I believe this court has jurisdiction.