Leon YANCY, Appellant,

v.

Frank A. WOLFE, Jr., Appellee.

No. 17631.

Court of Civil Appeals of Texas, Fort Worth.

May 30, 1975.

Wynn, Irby, Brown, McConnico & Mack, and William M. Schur, Fort Worth, for appellant.

Crumley, Murphy & Shrull and Roswald Shrull, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

This is a suit for damages resulting from the alleged tort of the defendant. The pleadings attributed the liability of defendant as obtaining because of vicarious liability in that the tortious action or omission to act was by his agents, servants, and employees.

Leon Yancy was plaintiff; Frank A. Wolfe, Jr. was defendant. Defendant obtained summary judgment that plaintiff take nothing by his suit, from which plaintiff appealed.

We dismiss the appeal.

The initial question is whether we have jurisdiction of the appeal. It was stated by another Court of Civil Appeals that "This Court does not have jurisdiction of an attempted appeal, unless the record shows that notice of appeal was given in one of the two manners provided for by Rule 353, T.R.C.P." Ortega v. Employers Casualty Co., 223 S.W.2d 663 (San Antonio, Tex.Civ.App., 1949, no writ history).

By Texas Rules of Civil Procedure, rule 353, "Notice of Appeal", the time within which an aggrieved party shall give notice of intention to appeal is within ten days after the judgment, etc. It is admitted that plaintiff did not give notice in open court, noted on the docket or embodied in the judgment, so our sole question is whether there was substantial compliance with the alternative provision of the rule, requiring that the Notice of Appeal be filed with the clerk within the requisite ten days.

Judgment in the case was signed November 18, 1974. Included in the transcript is a letter from plaintiff's attorneys to the Judge of the trial court which bears date of November 20, 1974, and which bears the file mark of the clerk of the court as November 21, 1974. It is obvious from the text of the letter that the attorney who sent it was not aware that any judgment had been rendered. There were several paragraphs which argue reasons why the court should not sign the form of judgment which had been presented to the court by the opposite party. Additionally the attorney stated in the letter to the court the following: "Although I feel that the Order prepared by Mr. Shrull accurately reflects the contents of your letter of November 6, 1974, I cannot approve the form of this Order. *Since it is our intention to appeal any adverse decision,* I feel that the Order should at least recite the following facts: . . . ." (Emphasis supplied.) Thereafter the attorney stated that he was enclosing a proposed Order for the court. It was filed along with the letter on November 21, 1974. Interesting to note is that it did not embody a notice of appeal.

It is that part of the letter which we have quoted, and in particular the words to which we have supplied emphasis, upon

which plaintiff relies in contending that there was notice of appeal in this case.

We hold that there was not the required notice of appeal, and that because there was not this Court never acquired jurisdiction of the appeal and it should therefore be dismissed.

Here there was statement of intent to appeal, and by necessary implication a statement of intent to give notice of appeal in the future, but no notice of appeal as such.

The requirement of the Rule would have been satisfied had the letter in question stated the number and style of the case and court in which it was pending (which it did) and that appellant desired to appeal from the judgment or from some designated portion thereof. In our view the statement relative to notice was prospective merely, and did not amount to a present act by which notice was served.

No case squarely in point has been found. Authorities used in arriving at our decision include Werner v. Murray, 430 S. W.2d 126 (San Antonio, Tex.Civ.App., 1968, error refused); Standard Insurance Co. v. Teague Brick & Tile Co., 425 S.W. 2d 63 (Waco, Tex.Civ.App., 1968, error refused); Calame v. Prudential Insurance Company of America, 423 S.W.2d 940 (Waco, Tex.Civ.App., 1968, no writ history). See also texts and authorities cited in 4 Tex.Jur.2d p. 42, "Appeal & Error—Civil Cases", Sec. 222, "Manner of giving—filing with clerk", and Sec. 223 (p. 44), "—Notation on docket or embodiment in judgment, order, or minute of open court notice"; 4 Am.Jur.2d p. 800, "Appeal and Error", Sec. 316, "Generally".

In relation to the question posed we have considered the decision of the Court in Sanders v. Aetna Life Ins. Co., 201 S.W.2d 234 (Galveston, Tex.Civ.App., 1947, reversed on other grounds at 146 Tex. 169, 205 S.W.2d 43, 173 A.L.R. 968), but have concluded that it is not applicable here because in the case before us notice was prospective in its nature. The fact that the plaintiff was without knowledge that judgment had already been entered is deemed immaterial.

In the event we err in the conclusion that this Court is without jurisdiction it is our holding, upon examination of the record, that judgment of the trial court granting summary judgment was erroneous in that defendant failed to discharge the burden incumbent upon him. If he would sustain judgment in his favor he would be obliged to show that under no theory would plaintiff be able to make out a *prima facie* case of tort liability against him. This he failed to accomplish.

The appeal is dismissed.