TEXAS ANIMAL HEALTH
COMMISSION, Appellant,

v.

R. J. NUNLEY, Appellee.

No. B–8945.

Supreme Court of Texas.

April 9, 1980.

Rehearing Denied May 14, 1980.

Mark White, Atty. Gen., Carla J. Cox, Asst. Atty. Gen., Austin, for appellant.

Morris Atlas, McAllen, for appellee.

CAMPBELL, Justice.

This is a direct appeal. Nunley sued to enjoin Texas Animal Health Commission from enforcing the provisions of Article 7014f–1, § 23A, V.A.C.S. and the Commission's rules and regulations involving Bovine Brucellosis. The trial court held the statute and rules unconstitutional as applied to Nunley.

We must determine if the Commission has given notice of appeal in compliance with Rule 354(c).[1] That rule provides:

When a bond for costs on appeal is not required by law, the appellant shall in lieu of a bond file a notice of appeal which shall be filed with the clerk, within thirty days after rendition of judgment or order overruling motion for new trial (or after such motion is overruled by operation of law.) Such notice shall be sufficient if it state[s] the number and style of the case, the court in which pending, and that appellant desires to appeal from the judgment or some designated portion thereof. Copy of the notice shall be mailed by counsel for appellant in the same manner as the mailing of copies of the appeal bond.

The trial court entered judgment adverse to the Commission. Plaintiff Nunley prepared the judgment, approved it as to form, and mailed it to the Commission. The Commission also approved the judgment as to form and then mailed it to the trial judge with a letter requesting: "I would appreciate your adding at the end of the judgment 'to which judgment of the Court, Defendants gave notice of appeal.'" A copy of

1. All references are to Texas Rules of Civil Procedure, Annotated.

this letter was sent to Nunley. The trial judge added these words and sent the judgment to the clerk for filing.

The Commission contends that including the notice of appeal in the judgment satisfies the requirements of the rule because: it was filed with the clerk within 30 days of the signing and entry of the final judgment; it states the number and style of the case; the court in which pending; and recites that the defendant gave notice of appeal. The Commission says the final requirement of the rule, notice to opposing counsel, was met because a copy of the letter to the trial judge requesting the notice to be included in the judgment was sent to Nunley.

■ Rule 354(c) requires that appellants, not required to file appeal bonds, "file a notice of appeal which shall be filed with the clerk." Before January 1, 1976, Rule 353 allowed a notice of appeal to be made "in open court, noted on the docket or embodied in the judgment, order overruling motion for new trial, or other minute[s] of the Court." The Commission contends this is still the rule; if not, another document, not a notice of appeal, can comply with the requisites of the new Rule 354(c), Tex.R. Civ.P. The rules were changed by removing the above language in Rule 353 and amending Rule 354 to require the notice of appeal to be filed separately with the clerk. Attempting to provide notice of appeal in the manner previously authorized does not comply with Rule 354(c).

In some instances the filing of a notice of appeal acts as a supersedeas for those not required to post appeal bonds. *Ammex Warehouse Company v. Archer*, 381 S.W.2d 478 (Tex.1964). This requires the notice be specific in stating the desire to appeal and be in such form the judgment holder can readily determine the judgment has been superseded. A judgment holder is not required to search all instruments filed in a cause to determine whether any instrument indicates an appeal will be taken. We hold Rule 354(c) requires the filing of a separate notice of appeal with the clerk.

Additionally, the Commission claims the requirements of Rule 354(c) were met by the request for preparation of transcript, which was filed 14 days after the date of the final judgment. This letter states "Now comes Texas Animal Health Commission . . . , and makes this request to the clerk of this court to include, in the transcript of the record in this cause on appeal . . . the following designated instruments." The letter also gives the number and style of the case, the court in which it is pending, and, a copy was sent to Nunley.

■ The request for preparation of transcript and designation of instruments to be included does not comply with the rule. Making requests of the clerk concerning various aspects of the appeal is insufficient to constitute a notice of appeal. *Standard Insurance Company v. Teague Brick & Tile Company*, 425 S.W.2d 63 (Tex.Civ.App.—Waco 1968, writ ref'd).

The Commission has not met the requirements of Rule 354(c). This Court does not have jurisdiction to consider the appeal. *Standard Insurance Company v. Teague, supra; State v. Gibson Distributing Company*, 436 S.W.2d 122 (Tex.1968).

The appeal is dismissed.