**CITY OF IRVING, Texas, Appellant,**

**v.**

**Hattie Mae LESLEY et al., Appellees.**

**No. 20313.**

Court of Civil Appeals of Texas, Dallas.

June 18, 1980.

Robert M. Tharp, Asst. City Atty., Irving, for appellant.

Timothy E. Kelley, Dallas, for appellee.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

GUITTARD, Chief Justice.

We previously directed our clerk to file this appeal on the ground that a document styled "Direction to the Clerk to Prepare Transcript" could be considered a "notice of appeal" under Rule 354(c) of the Texas Rules of Civil Procedure. *City of Irving v. Lesley*, 590 S.W.2d 834 (Tex.Civ.App.—Dallas 1979, no writ). Since that opinion was rendered, the supreme court has reached a different conclusion in *Texas Animal Health Commission v. Nunley*, 598 S.W.2d 233 (1980). In that case the court held that Rule 354(c) requires a notice of appeal to be a separate paper filed with the clerk so that a judgment holder is not required to search other papers to determine whether an appeal has been perfected. By that test, the document here in question was not a notice of appeal, since it is obviously a request for a transcript, and only incidentally recites that a notice of appeal has been given.

Appellant has also moved for leave to amend the document to insert a more explicit notice of appeal, relying on decisions such as *United Association of Journeymen, Etc. v. Borden*, 160 Tex. 203, 328 S.W.2d 739, 741 (1959), which hold that a defective bond may be amended. *See* Appellate Procedure in Texas, § 18.9[2] (1979). Those decisions do not apply here because, as we understand the *Nunley* opinion, the document in question was not a defective notice of appeal, but no notice of appeal at all. Consequently, the appeal was never perfected, and we erred in permitting the record to be filed.

Our former opinion is withdrawn and the appeal is dismissed.