

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00340-CV

Hari Prasad **KALAKONDA** and Latha Kalakonda,
Appellants

v.

**ASPRI INVESTMENTS, LLC**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-01910
Honorable Karen H. Pozza, Judge Presiding

PER CURIAM

Sitting:    Sandee Bryan Marion, Chief Justice
            Luz Elena D. Chapa, Justice
            Jason Pulliam, Justice

Delivered and Filed:  July 29, 2015

DISMISSED FOR LACK OF JURISDICTION

In a letter dated May 20, 2015, and addressed to the clerk of this court, appellants Hari Prasad Kalakonda and Latha Kalakonda indicated their desire to appeal one or more orders issued in trial court cause number 2015-CI-01910.  On review of the letter, we determined it was a bona fide attempt to invoke this court's jurisdiction and construed it as a notice of appeal, and we ordered appellants to file an amended notice of appeal.

The Kalakondas filed an amended notice of appeal, stating they are appealing the trial court's order signed April 13, 2015, that denied appellants' motion to dissolve a temporary

injunction.  The order is interlocutory and an appeal from the order is accelerated.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West 2015); TEX. R. APP. P. 28.1(a).

When the appeal is accelerated, the notice of appeal is due within twenty days after the appealable order is signed.  TEX. R. APP. P. 26.1(b), 28.1(b).  The filing of a request for findings of fact or a motion for new trial does not extend the time to perfect an accelerated appeal.  TEX. R. APP. P. 28.1(b); *In re K.A.F.*, 160 S.W.3d 923, 925-27 (Tex. 2005).  This court may grant an extension of time to file the notice of appeal if the notice and a motion for extension of time are filed within fifteen days of the deadline for filing the notice of appeal.  TEX. R. APP. P. 26.3, 28.1(b).  A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time.  *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997) (construing the predecessor to Rule 26).  However, once the fifteen day period for granting a motion for extension of time under Rule 26.3 has passed, a party can no longer invoke the appellate court's jurisdiction.  *Id.*

The Kalakondas' notice of appeal from the April 13 order denying the motion to dissolve the temporary injunction was due May 4, 2015, or the notice and a motion for extension of time were due fifteen days later on May 19, 2015.  This court construed the Kalakondas' letter dated May 20, 2015, and filed May 21, 2015, to be a bona fide attempt to invoke the jurisdiction of this court.  However, the letter was filed after the fifteen day period for granting a motion for extension of time under Rule 26.3 had passed.  We therefore ordered appellants to show cause why the appeal should not be dismissed for lack of jurisdiction.

We construe and apply the rules of procedure liberally to reach the merits of an appeal whenever possible.  *Verburgt*, 959 S.W.2d at 616.  Consistent with this principle, a timely filed document, even if defective, that evinces an intent to prosecute an appeal will be considered a bona

fide attempt to invoke this court's jurisdiction. *See In re J.M.*, 396 S.W.3d 528, 530 (Tex. 2013); *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). If an appellant timely files such a document, we will not dismiss the appeal for formal defects or irregularities without allowing an opportunity to amend. *J.M.*, 396 S.W.3d at 530.

The Kalakondas have filed a response to our show cause order in which they argue that three documents timely invoked this court's jurisdiction: the trial court's April 13, 2015 order and the Kalakondas' letters dated May 7 and May 11, 2015.

The April 13, 2015 order

The Kalakondas currently have pending another appeal in this court, number 04-15-00114-CV, in which they are appealing the final judgment confirming an arbitration award in trial court number 2014-CI-16394. The April 13, 2015 order in trial court number 2015-CI-01910 that the Kalakondas now seek to appeal temporarily enjoins them from taking specified actions until our appeal 04-15-00114-CV is finally determined.

Appellants contend that the April 13, 2015 "order in itself brings in the jurisdiction of this Honorable court." We disagree. Although the order refers to the Kalakondas' appeal (appeal number 04-15-00114-CV) of the final judgment in trial court number 2014-CI-16394, nothing in the order recites or suggests the Kalakondas desire or intend to appeal the temporary injunction or the order denying the motion to dissolve it.

The May 7, 2015 and May 11, 2015 letters

The Kalakondas' May 7, 2015 letter to the clerk of this court states that it is in reference to "[a]dditional court reporters record requested" in appeal number 04-15-00114-CV. The letter states its purpose is "to inform you that there were some additional hearings held in the District courts since this appeal was filed. The corresponding court reporter records are required for this appeal and are of significance for this appeal." Attached to the letter are requests to three court

reporters dated May 6 that ask that the records of hearings held on specified dates be prepared and filed in appeal number 04-15-00114-CV. One of the hearings was identified as having been held in trial court number 2014-CI-16394 and two of them were from trial court number 2015-CI-01910.

The May 11, 2015 letter is a letter to the district clerk requesting that a supplemental clerk's record be prepared and filed in appeal number 04-15-00114-CV. The list of pleadings and orders to be included in the supplemental record are all from trial court cause number 2015-CI-01910 and includes the April 13, 2015, order denying the motion to dissolve the temporary injunction.

The Kalakondas assert that their "sole intent [in requesting these records] was to appeal the April 13th, judgement and to invoke the jurisdiction" of this court. However, nothing in the letters evidences such an intent. To the contrary, the letters suggest only that the Kalakondas believe the supplemental records will assist this court in deciding appeal number 04-15-00114-CV. Absent some suggestion in the letters that the Kalakondas have a complaint about or desire to appeal an order in trial court number 2015-CI-01910, we cannot conclude either of them is a bona fide attempt to invoke our appellate jurisdiction. *See Tex. Animal Health Comm'n v. Nunley*, 598 S.W.2d 233, 234 (Tex. 1980); *Walsh v. Woundkair Concepts, Inc.*, No. 02-14-00395-CV, 2015 WL 1544004, at *1 (Tex. App.—Fort Worth Apr. 2, 2015, pet. filed); *see also Rodarte v. Bexar Cty.*, 04-12-00211-CV, 2013 WL 1908381, at *3 (Tex. App.—San Antonio May 8, 2013, pet. denied).

On May 20, 2015, the Kalakondas sent the clerk of this court a lengthy letter explaining the relationship between the two trial court causes. For the first time, they complained of the trial court's rulings in 2015-CI-01910, suggested an intent to appeal one or more of the rulings in the case, and asked that we "treat these two causes as one cause." Although we liberally construed the letter to be a bona fide attempt to invoke the jurisdiction of the court, the letter was filed after

the fifteen day period for granting a motion for extension of time under Rule 26.3 had passed, and therefore was not timely filed.  Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM