**AFFIRMED and Opinion Filed July 17, 2023**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-00175-CV**

**PATRICIA A. ERVING, Appellant**

**V.**

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, AND GARLAND HOUSING AGENCY, Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-15968**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Miskel
Opinion by Justice Miskel

Patricia Erving appeals the trial court's final judgment granting the pleas to the jurisdiction of Garland Housing Agency (GHA) and the United States Department of Housing and Urban Development (HUD) and dismissing her claims against them. Because Erving failed to demonstrate any waiver of governmental or sovereign immunity, we affirm the trial court's order.

### I.   PROCEDURAL BACKGROUND

Erving, acting pro se, filed a lawsuit against GHA and HUD alleging that her participation in a government program for mortgage assistance was wrongfully

terminated. Erving's petition also generally claims that GHA and HUD ignored applicable health and disability rules, housing safety standards, and government restrictions on landlord terminations during the pandemic. In addition, she asserts a retaliation claim.

In response, GHA filed a plea to the jurisdiction, answer, and affirmative defenses denying all claims and asserting governmental immunity from the suit. GHA, which is a department of the City of Garland, also argued that it is a non-jural entity that cannot separately be sued. Erving did not file a response to GHA's plea to the jurisdiction, and the trial court considered the motion on submission. On January 31, 2022, the trial court granted GHA's plea to the jurisdiction and dismissed all claims against GHA.

HUD also filed a plea to the jurisdiction on January 25, 2022, asserting sovereign immunity from the suit. On February 17, 2022, the trial court held a hearing on this motion, at which both HUD and Erving were present. The trial court granted HUD's plea to the jurisdiction and dismissed all claims against HUD by written order on that date. The trial court did not state the bases for its orders granting the pleas to the jurisdiction of GHA and HUD.

In her briefing on appeal, Erving merely expands on the allegations in her original petition. Her appellate briefs do not address the grounds for the pleas to the jurisdiction or describe how she alleges immunity was waived.

In response, GHA argues that the trial court properly dismissed Erving's claims against GHA because GHA (through the City of Garland) has governmental immunity and because it is a non-jural entity, and that Erving's appeal should be dismissed because she inadequately briefed her issues and waived appellate review of all claims. HUD has not filed a brief.

## II. APPELLATE JURISDICTION

GHA argues that this court does not have jurisdiction over this appeal because it was untimely. We first address our jurisdiction to hear this appeal.

### A. Procedural Background on Appeal

On March 3, 2022, Erving filed her notice of appeal in this court, appealing only the January 31 order that granted GHA's plea to the jurisdiction and listing GHA as the only respondent. The notice of appeal, subsequent court filings, and correspondence were sent to HUD's counsel (who was erroneously listed as GHA's counsel), rather than to GHA, until HUD's counsel clarified the error in a letter filed on April 21, 2022. With the possible exception of Erving's amended notice of appeal, all subsequent filings and correspondence have been served only on GHA and its counsel.

This court requested that Erving supplement the record with signed copies of both the January and February orders granting the pleas to the jurisdiction of GHA and HUD, and two supplemental records were filed.

After obtaining two extensions from this court, Erving filed her appellant's brief on July 15, 2022. This court informed Erving of numerous briefing defects and cautioned her that failure to file an amended brief complying with specified appellate procedural rules could result in the dismissal of her appeal.

Erving filed an amended notice of appeal eight days later in which she added HUD as a defendant in the case style and also added the February order granting HUD's plea to the jurisdiction as the judgment being appealed.[1] After obtaining two additional extensions from this court, Erving filed an amended brief on September 26, 2022.

## B.     Applicable Law

Under Texas law, "[a] judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Appellate procedural rules require that the notice of appeal must be filed within 30 days after the final judgment is signed, subject to certain exceptions. TEX. R. APP. P. 26.1. One exception is for accelerated appeals from certain interlocutory orders permitted by statute, which must be filed within 20 days after the order is signed. TEX. R. APP. P.

---

[1] We note that the February date in Erving's amended notice is erroneously written as February 15, 2022, and the actual date of the trial court's order granting HUD's plea to the jurisdiction was February 17, 2022. We construe this amended notice of appeal as referring to the February 17 order. *See City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992) (per curiam) (holding that appellant's notation of the incorrect cause number on its notice of appeal was a procedural defect that did not defeat the court's jurisdiction).

26.1(b), 28.1(a), (b). Rule 25.1(g) permits an appellant to file an amended notice of appeal "correcting a defect or omission in an earlier filed notice" before the appellant's brief is filed. TEX. R. APP. P. 25.1(g).

The Texas Supreme Court has long held that the rules of appellate procedure and the record before the court "will be liberally construed in favor of the right of appeal." *Hunt v. Wichita Cnty. Water Imp. Dist. No. 2*, 211 S.W.2d 743, 744 (Tex. 1948); *see Warwick Towers Council of Co-Owners ex. rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (per curiam). It recently reiterated that "we have repeatedly instructed that appeals should be decided on the merits rather than dismissed for a procedural defect, and a failure to comply with procedural formalities need not cause inevitable dismissal." *State ex. rel. Durden v. Shahan*, 658 S.W.3d 300, 304 (Tex. 2022) (per curiam). Rather, a timely filed instrument will invoke the appellate court's jurisdiction if it demonstrates a bona fide attempt to do so. *Durden*, 658 S.W.3d at 304; *In re J.M.*, 396 S.W.3d 528, 530 (Tex. 2013). The Texas Supreme Court has further instructed that "[w]hen a party has timely made a bona fide attempt to invoke appellate jurisdiction, the court of appeals must accept the deficient notice or give the party an opportunity to amend and refile it to perfect the appeal." *Durden*, 658 S.W.3d at 305.

## C.     Erving's appeal was timely filed after the final judgment.

GHA argues that this court lacks jurisdiction because Erving failed to timely appeal the interlocutory order within 20 days after the trial court signed the January

–5–

31 order. *See* TEX. R. APP. P. 26.1(b); 28.1 (a), (b). The trial court's order granting GHA's plea to the jurisdiction on January 31, 2022, was an interlocutory order and not a final judgment because Erving's claims against HUD, the other defendant in the case, had not yet been resolved. *See Lehmann*, 39 S.W.3d at 205. Although a person "may appeal" from an interlocutory order on a plea to the jurisdiction by a governmental unit, such an interlocutory appeal is permissive, and "a party does not forfeit its right to challenge a ruling on appeal from a final judgment simply by opting not to pursue an interlocutory appeal of that ruling." *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8); *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 387 (Tex. 2020).

On February 17, 2022, the trial court granted HUD's plea to the jurisdiction and dismissed Erving's claims against HUD, the only remaining party in the case. At that point, the February order became the final judgment, and the interlocutory order granting GHA's plea to the jurisdiction and dismissing Erving's claims against GHA merged into it. *See Bonsmara*, 603 S.W.3d at 390 ("When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment.").

Erving challenged the ruling after the trial court rendered the final judgment in the case. Although Erving's timely notice of appeal only referenced the January interlocutory order, she filed an amended notice of appeal to add the February final judgment. Erving's amended notice of appeal was not timely under Rule 25.1(g).

–6–

However, as stated by our sister court, Rule 25.1(g) "vests the appellate court with the discretion to consider an amended notice of appeal in a case in which any notice of appeal has already been filed." *St. Mina Auto Sales, Inc. v. Al–Muasher*, 481 S.W.3d 661, 666 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). We view Erving's addition of this February judgment in her amended notice as a correction of the type of defect contemplated by Rule 25.1(g). *See also Noorian v. McCandless*, 37 S.W.3d 170, 173 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) (concluding that it is not a jurisdictional error when a notice of appeal refers to an interlocutory order instead of the final judgment and Rule 25.1 allows an amended notice of appeal to correct the defect).

For these reasons, we accept the amended notice of appeal and conclude that we have jurisdiction to hear Erving's appeal of the final judgment.

### III. ERVING FAILED TO DEMONSTRATE A WAIVER OF IMMUNITY

### A. Erving's Claims were Inadequately Briefed

Given that Erving's amended brief still contains no citations to authority or the record, in addition to other defects, this court could dismiss this appeal solely based on Erving's failure to file a brief that complies with Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1, 42.3(b), (c); *In re J.P.*, 365 S.W.3d 833, 837 (Tex. App.—Dallas 2012, no pet.) ("Failure to cite applicable authority or provide substantive analysis waives an issue on appeal.") However, we elect to review her appeal of the trial court's grant of GHA and HUD's pleas to the jurisdiction.

## B.    Standard of Review

Governmental immunity from suit implicates a court's subject-matter jurisdiction and is properly raised in a plea to the jurisdiction. *See Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022). We review a court's ruling on a plea to the jurisdiction de novo. *City of Austin v. Quinlan*, No. 22-0202, 2023 WL 3767092 at *2 (Tex. 2023).

With respect to federal claims, we generally apply federal substantive law and Texas procedural law when reviewing a federal law claim filed in Texas state court. *United Independent School District v. Mayers,* 665 S.W.3d 775, 782 (Tex. App.—San Antonio 2023) (citing *BNSF Ry. Co. v. Phillips*, 485 S.W.3d 908, 910 (Tex. 2015) (per curiam)). The trial court's subject matter jurisdiction over federal claims presents a question of law we review de novo. *Id.* at 783.

## C.    Applicable Law

Governmental immunity protects political subdivisions of the State, including housing authorities, from suit. *Hous. Auth. of the City of Dall. v. Killingsworth*, 331 S.W.3d 806, 810 (Tex. App.—Dallas 2011, pet. denied); *see also* TEX. LOC. GOV'T CODE ANN. § 392.006 (stating that a housing authority is a unit of government whose functions are essential governmental functions). Similarly, the "basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. and Sch. Lands*, 461 U.S. 273, 287 (1983). A party suing a governmental unit bears the burden of affirmatively

demonstrating waiver of immunity. *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022); *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019). A statutory waiver of immunity must be clear and unambiguous. *Dohlen*, 643 S.W.3d at 392.

A plea to the jurisdiction "may challenge the pleadings, the existence of jurisdictional facts, or both." *Tex. Dep't of Crim. Justice v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020) (quoting *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018)). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Dohlen*, 643 S.W.3d at 393 (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). The court must "construe the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent." *McKenzie*, 578 S.W.3d at 512 (quoting *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012)). If the pleadings do not contain sufficient facts to demonstrate the court's jurisdiction, the plaintiffs are given an opportunity to amend their pleadings unless the pleadings affirmatively demonstrate incurable defects. *Dohlen*, 643 S.W.3d at 393. If the pleadings affirmatively negate the existence of jurisdiction, then a plea may be granted without allowing the plaintiffs an opportunity to amend. *Id.* If the evidence is undisputed or fails to raise a fact question, the plea must be granted. *McKenzie*, 578 S.W.3d at 512 (quoting *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010) (per curiam)).

**D.** **The pleadings do not affirmatively demonstrate a waiver of immunity with respect to GHA or HUD, and the pleading defects are incurable.**

This court's jurisdiction is limited to a review of the judgment that is the subject of the appeal, which consists of the trial court's orders granting GHA's and HUD's pleas to the jurisdiction due to governmental and sovereign immunity. In her briefing, Erving never addresses the issue of immunity and simply reasserts and expands on various allegations pertaining to the merits of her purported claims, which are somewhat difficult to discern. We liberally construe pro se pleadings and briefs. *See Lipscomb v. City of Dallas*, No. 05-17-00484-CV, 2018 WL 525685 at *1. However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure to avoid giving a pro se litigant an unfair advantage over a party represented by counsel. *Id.* Nonetheless, even construing Erving's trial court pleadings liberally in favor of jurisdiction and taking all factual assertions as true, we find that they do not allege facts affirmatively establishing that governmental or sovereign immunity has been waived in this case.

GHA is an agency of the City of Garland, a governmental unit protected by governmental immunity absent a waiver. *See Quinlan*, 2023 WL 3767092 at *2; *Killingsworth*, 331 S.W.3d at 810; TEX. LOC. GOV'T CODE ANN. § 392.006. Likewise, HUD is an agency of the United States protected by federal sovereign

–10–

immunity and cannot be sued without the consent of Congress. *See Block*, 461 U.S. at 287.

In her pleadings, Erving generally alleges that her home mortgage assistance was terminated in violation of rules relating to disabilities and pandemic restrictions on termination. She also references violations of unspecified housing standards and health and safety regulations. Finally, Erving asks that "the retaliation, in Justice be addressed."[2] The trial court held a hearing on GHA's plea to the jurisdiction which Erving did not attend. She attended the subsequent hearing on HUD's plea to the jurisdiction and further explained some of her general allegations but failed to offer any arguments or evidence relating to a waiver of immunity.

Erving generally alleges that GHA and HUD failed to comply with "HUD regulations Section 504 in regards to disabled clients" but offers no specific cites to authority or facts in the record in support of this claim. To the extent that Erving is referring to prohibitions against discrimination on the basis of disability under section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) as it may pertain to HUD programs, she fails to cite a statutory provision waiving immunity for violations of the statute. Moreover, to demonstrate waiver of immunity pursuant to a statute, a plaintiff must "actually allege" a violation of the statute. *Dohlen*, 643

---

[2] Erving attempts to provide further factual allegations relating to her claims in her briefing in this court. However, we may not consider factual assertions that appear solely in briefs and are not supported by the record. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006).

S.W.3d at 392. A plaintiff "actually alleges" a violation of a statute "by pleading facts that state a claim thereunder;" mere reference to the statute's elements in the pleading is not enough. *Id.* Erving has not pleaded facts that state a claim under this statute.

As for Erving's claim that GHA employees retaliated against her, the Texas Tort Claims Act precludes her from asserting a retaliation claim against GHA because this statute waives governmental immunity only in certain specific circumstances that Erving does not allege are applicable here, and its waivers of immunity do not apply to claims relating to "any other intentional tort." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021–.022, 101.057(2); *Thomas v. Dall. Hous. Auth.*, No. 05-21-00273-CV, 2022 WL 1955751, at \*3 (Tex. App.—Dallas June 3, 2022) (mem. op.) (concluding that the Texas Tort Claims Act's waiver of immunity did not apply to claims of retaliatory conduct directed by the housing agency).

Erving's amended brief alleges that the government restricted terminations by landlords during the pandemic but does not cite authority or allege facts demonstrating a violation of applicable law or waiver of governmental immunity. She does not mention any other statutes or authority or otherwise cite facts for any cause of action for which she affirmatively demonstrates a waiver of governmental immunity, and we can discern none from the record.

To the extent we can construe the claims in Erving's pleadings, her pleadings affirmatively negate jurisdiction. *Dohlen*, 643 S.W.3d at 393. Additionally, her

pleadings do not allege facts sufficient to demonstrate a basis for a waiver of governmental immunity that could be viable even with additional time to cure her pleading defects. As a result, we find that the pleading defects are incurable and that additional time to amend the pleadings is not required.

## IV. CONCLUSION

Because Erving failed to demonstrate a waiver of GHA's governmental immunity or HUD's sovereign immunity, we need not reach GHA's other arguments in this appeal. We affirm the judgment of the trial court.

/s/ Emily Miskel
EMILY MISKEL
JUSTICE

220175F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PATRICIA A. ERVING, Appellant

No. 05-22-00175-CV      V.

UNITED STATES DEPARTMENT
OF HOUSING AND URBAN
DEVELOPMENT, AND
GARLAND HOUSING AGENCY,
Appellees

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-15968.
Opinion delivered by Justice Miskel.
Justices Molberg and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 17th day of July, 2023.